ROLLAND P. WEDDELL; GRANITE INVESTMENT GROUP, LLC; AND HIGH ROCK HOLDING, LLC, APPELLANTS, v. MICHAEL STEWART, AN INDIVIDUAL, AND AS TRUSTEE OF THE MICHAEL B. STEWART TRUST; EMPIRE ENERGY, LLC; EMPIRE GROUP, LLC; EMPIRE FOODS, LLC; EMPIRE FARMS, LLC; ORIENT FARMS, LLC; WHITE PAPER, LLC; EMPIRE GEOTHERMAL POWER, LLC; NEVADA ENERGY PARK, LLC; AMOR II CORPORATION; M.B.S., INC.; TAHOE ROSE, LLC; CLEARWATER RIVER PROPERTIES, LLC; HONALO KAI, LLC; AND SIERRA ROSE, LLC, RESPONDENTS.

No. 55981

ROLLAND P. WEDDELL; GRANITE INVESTMENT GROUP, LLC; AND HIGH ROCK HOLDING, LLC, APPELLANTS, v. MICHAEL B. STEWART, AN INDIVIDUAL, AND AS TRUSTEE OF THE MICHAEL B. STEWART TRUST; EMPIRE ENERGY, LLC; EMPIRE GROUP, LLC; EMPIRE FOODS, LLC; EMPIRE FARMS, LLC; ORIENT FARMS, LLC; WHITE PAPER, LLC; EMPIRE GEOTHERMAL POWER, LLC; NEVADA ENERGY PARK, LLC; AMOR II CORPORATION; M.B.S., INC.; TAHOE ROSE, LLC; CLEARWATER RIVER PROPERTIES, LLC; HONALO KAI, LLC; AND SIERRA ROSE, LLC, RESPONDENTS.

No. 56473

September 29, 2011                    261 P.3d 1080

---

*Day R. Williams*, Carson City, for Appellants.

*Bowen, Hall, Ohlson & Osborne* and *Dan C. Bowen*, Reno; *Darby Law Practice, Ltd.*, and *Kevin A. Darby*, Reno; *Law Offices of Amy N. Tirre* and *Amy N. Tirre*, Reno; *Robison Belaustegui Sharp & Low* and *Keegan G. Low*, Reno, for Respondents.

Before SAITTA, C.J., DOUGLAS, CHERRY, GIBBONS, PICKERING, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

Before us are appellants' proffered motions for reconsideration in two appeals, each of which was previously dismissed for failure to pay the filing fee. In Docket No. 55981, a pending appeal in which remittitur has not yet issued, we direct the clerk of this court to file the motion for reconsideration, which we deny. In Docket No. 56473, a closed appeal in which remittitur has already issued, we direct the clerk of this court to reject the proffered motion altogether.

We take this opportunity to elucidate the importance of following the rules pertaining to appellate procedure and to emphasize that failure to pay required fees and comply with this court's directives in a timely fashion is not without consequence. In this instance, the consequences included loss of the right to appeal two independently appealable special orders after final judgment, as well as a referral of appellants' counsel to the State Bar of Nevada for investigation. Because ignorance of, or disregard for, the rules and directives of this court are unfortunately all too common, we elect to address these matters by way of opinion.

## PROCEDURAL HISTORY

These appeals, along with another appeal not at issue here, arise from the same underlying district court action. In the action below, the district court issued a final judgment against appellants in consolidated civil cases alleging various tort, contract, and declaratory relief claims. Appellants filed a notice of appeal from the final judgment and paid the requisite filing fee: that appeal was docketed in this court on January 6, 2010, as Docket No. 55200. Procedurally, Docket No. 55200 is progressing through the appellate process in an ordinary manner and is mentioned here only to provide a backdrop to the matters at issue.

Docket No. 55981 is an appeal from a subsequent award of attorney fees entered in the same district court case underlying the appeal in Docket No. 55200. The appeal in Docket No. 55981 was docketed in this court on May 6, 2010. The notice of appeal, however, was not accompanied by the requisite filing fee.[1] Conse-

---

[1]On May 10, 2010, appellants filed a ''Withdrawal of Notice of Appeal,'' which stated that appellants had filed ''an Amended Notice of Appeal in Nevada Supreme Court Case No. 55200, which is the operative case number. They do not need a second appellate case number.'' This is erroneous. The matter was docketed as a separate appeal because an appeal from an order regarding attorney fees constitutes an independently appealable special order after final judgment. *See* NRAP 3A(b)(8); *Smith v. Crown Financial Services,* 111 Nev. 277, 280 n.2, 890 P.2d 769, 771 n.2 (1995). A separate filing fee was therefore due upon filing of the notice of appeal. *See* NRS 2.250(1); NRAP 3(e).

The next day, May 11, 2010, appellants filed a purported ''Amended Notice of Appeal'' from the award of attorney fees, which indicated that it was ''made under NRAP 4(a)(7), and supplements and incorporates the previous Notices of Appeal from all Order [sic] and Judgments in district court.'' This ''amended'' notice of appeal was filed in Docket No. 55981. Appellants' reliance on NRAP 4(a)(7) is misplaced. NRAP 4(a)(7) provides that ''[n]o additional fees shall be required if any party files an amended notice of appeal *in order to comply with the provisions of this Rule.*'' (Emphasis added.) Attempting to file an amended notice of appeal when the subject order is independently appealable does not comply with the provisions of NRAP 4(a)(7); rather, it is in contravention of NRAP 3A(b). Therefore, NRAP 4(a)(7) does not apply in this instance.

quently, on May 13, 2010, this court issued a notice to pay the filing fee within ten days, warning that failure to pay the filing fee could result in the imposition of sanctions, including dismissal of the matter. No filing fee was paid. On September 16, 2010, this court issued an order instructing appellants' counsel to pay the filing fee within ten days, warning that failure to do so would result in a referral of counsel to the State Bar of Nevada for investigation. Still, no filing fee was paid. Consequently, on November 12, 2010, this court issued an order dismissing the appeal. The order noted that appellants had failed to pay the fee required by NRS 2.250 or otherwise respond to this court's directives, and further referred appellants' counsel to the State Bar of Nevada for investigation pursuant to SCR 105. Remittitur has not yet issued in Docket No. 55981,[2] and the case remains pending on this court's docket.

Docket No. 56473 is an appeal from a subsequent order denying a motion to set aside the judgment, entered in the same district court case underlying the appeals in Docket Nos. 55200 and 55981. The appeal in Docket No. 56473 was docketed in this court on July 28, 2010. The notice of appeal, however, was not accompanied by the requisite filing fee.[3] Consequently, on July 28, 2010, this court issued a notice to pay the filing fee within ten days, warning that no action would be taken on the matter until the filing fee was paid and that failure to pay the filing fee would result in dismissal of the matter. No filing fee was paid. On August 16, 2010, this court issued an order dismissing the appeal for failure to pay the filing fee or otherwise respond to the July 28, 2010, notice. Remittitur in Docket No. 56473 issued on September 10, 2010, and the case was closed.

On November 17, 2010, appellants submitted the instant motions for reconsideration in Docket Nos. 55981 and 56473.[4] In the

---

[2]Remittitur did not issue because the instant motion for reconsideration was filed prior to its issuance.

[3]The notice of appeal was entitled "Second Amended Notice of Appeal" and was purported to be "made under NRAP 4(a)(7), and supplements and incorporates the previous Notices of Appeal from all Order [sic] and Judgments in district court." However, the matter was docketed as a separate appeal because an appeal from an order denying a motion to set aside a judgment constitutes an independently appealable special order after final judgment. *See* NRAP 3A(b)(8); *Holiday Inn v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1378-79 (1987). Consequently, a separate filing fee was due at the time the notice of appeal was filed. *See* NRS 2.250(1); NRAP 3(e). Appellants' reliance on NRAP 4(a)(7) was therefore misplaced in this instance as well, because NRAP 3A(b) governs the filing of notices of appeal from special orders made after final judgment.

[4]Each motion was accompanied by a check for $250, presumably representing the overdue filing fee in each appeal. Additionally, on November 18, 2010, appellants submitted errata to both motions, correcting a typographical error in each.

motions, appellants' counsel argues that he believed in good faith that, pursuant to NRAP 4(a)(7), he was not obligated to pay additional filing fees in these appeals, and that he believed they were assigned separate case numbers due to a "glitch" in the system. He indicates that it was not until this court's November 12, 2010, order in Docket No. 55981 dismissing the appeal and referring him to the State Bar that he realized he was mistaken in his belief that only one filing fee was due.[5] He asks this court to permit him to pay the fees necessary to reinstate the appeals.[6]

## DISCUSSION

The State of Nevada is presently enduring an unprecedented fiscal crisis. All branches of government are facing significant budget cutbacks as a result of enduring economic turmoil. The judicial branch is certainly not immune from this grave financial crisis: we have reduced expenditures, implemented improved internal procedures, and created new programs to efficiently manage the court's docket. Yet, despite increasingly limited funds, we must adhere to the rule of law and resolve every dispute that is put before us in a fair, impartial, and timely manner.

British statesman William E. Gladstone recognized long ago that "justice delayed is justice denied." John Bartlett, *Bartlett's Familiar Quotations* 472 (Justin Kaplan, gen. ed., 17th ed., Little, Brown & Co. 2002) (attributed). Procedural rules governing timelines and filing fees are therefore in place for a reason: they promote cost-effective, timely access to the courts. It runs contrary to these important goals when parties fail to abide by this court's rules and directives. Indeed, it is highly counterproductive when we are required, sometimes repeatedly, to remind parties of their filing and financial obligations in the appellate process.

Consequently, for this court to be able to continue to fulfill its responsibility of resolving legal disputes in a fair, efficient, and timely manner, it is imperative that the parties follow the applicable procedural rules and that they comply in a timely fashion with our directives. For far too long, we have tolerated procedural derelictions, including failure to timely submit fees, such as occurred

[5]We had, however, issued numerous directives in these cases prior to November 12, 2010, including the May 13, 2010, notice to pay the filing fee and the September 16, 2010, order to pay the filing fee in Docket No. 55981; as well as the July 28, 2010, notice to pay the filing fee in Docket No. 56473, the case that we subsequently dismissed on August 16, 2010, and in which remittitur issued on September 10, 2010.

[6]Alternatively, he requests that we suspend or amend our rules to permit payment of just one filing fee because all the matters arose from the same underlying district court case. That request is denied.

in these appeals. We will no longer. We will take no action on a matter until the requisite filing fee is paid, and no matter will be considered on its merits prior to payment of the requisite fee. The fee is due at or before the matter has been entered on the docket. NRS 2.250(1). If the matter is docketed without payment of the required fee, the clerk of this court will issue a single notice to remit the filing fee. Failure to pay the requisite fee within the time specified in the notice will result in dismissal of the matter.

Here, neither the notice of appeal in Docket No. 55981 nor the notice of appeal in Docket No. 56473 was accompanied by the requisite filing fee. But the rules require payment of the requisite fee at the time of filing. Specifically, whenever an appeal is taken to this court, the clerk of this court is authorized to demand and receive the requisite fee "at or before the appeal . . . has been entered on the docket." NRS 2.250(1)(a), (1)(c)(1). The filing fee is $250 for each notice of appeal filed and is to be paid to the district court clerk "upon filing a notice of appeal." NRAP 3(e). Furthermore, pursuant to NRS 2.250(5), "[a]ll fees prescribed in this section must be paid in advance, if demanded."[7]

Pursuant to this authority, payment of a separate filing fee was due in both Docket No. 55981 and Docket No. 56473 at the time each of the notices of appeal was filed, yet none was submitted. In each of the appeals, payment of the filing fee was demanded, yet in each of the appeals, our demands were not met and the filing fees went unpaid.

Parties cannot avoid the filing and fee requirements set forth in specific rules of appellate procedure by relying on rules of more general application. This is true regardless of whether the reliance is made through ignorance, in good faith (as was claimed here), or intentionally. In these two appeals, appellants relied on NRAP 4(a)(7) as the basis for proffering "amended" notices of appeal, without filing fees, from the district court order awarding attorney fees and from the district court order refusing to set aside the judgment. Yet rules of statutory construction provide that a specific statute takes precedence over a general statute. *SIIS v. Miller*, 112 Nev. 1112, 1118, 923 P.2d 577, 580 (1996). In addition, rules of statutory construction apply to court rules. *See Webb v. Clark County School Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009); *State ex rel. PSC v. District Court*, 94 Nev. 42, 44-46, 574 P.2d 272, 273-74 (1978), *abrogated on other grounds by Nelson v. Heer*, 121 Nev. 832, 834 n.4, 122 P.3d 1252, 1253 n.4 (2005). Consequently, when there is a rule that is specifically applicable, reliance on a rule of more general application is improper. For this

---

[7]In addition to being set forth in the above-referenced statutes and rules, a list of the applicable fees is also available on our website.

reason, appellants' general reliance on NRAP 4(a)(7) as the basis for proffering "amended" notices of appeal, without payment of the requisite filing fees, was in error because NRAP 3A(b) specifically governs the filing of notices of appeal from special orders made after final judgment, which are separately appealable and therefore subject to payment of a filing fee for each separately appealable determination.

Moreover, parties are not at liberty to disobey notices, orders, or any other directives issued by this court. Appellants' counsel explains that, because the matters all arose from the same underlying district court case, he did not think a new docket number was needed for each matter and thought that the notices instructing him to pay the filing fees were generated due to a "glitch" in the system.[8] The notices and orders issued in these appeals were not "glitches" in the system, as counsel mistakenly believed: they were properly issued consistent with the statutes, procedural rules, and caselaw outlined above.[9]

Turning, then, to the two motions presently before us, although they are substantively identical, we dispose of them differently because they are submitted in appeals that are at differing stages of the appellate process. In this regard, it is noteworthy that at the time appellants submitted the November 17, 2010, motions for reconsideration, remittitur had not yet issued in Docket No. 55981, but in Docket No. 56473, remittitur had already issued on September 10, 2010. Thus, the appeal in Docket No. 56473 had been closed for over two months at the time appellants submitted the motion for reconsideration, yet they neither filed a motion to recall the remittitur nor sought leave to file an untimely pleading.

Accordingly, in Docket No. 56473, we decline to accept any further filings or submissions, including the instant motion for reconsideration. Appellants were put on notice on July 28, 2010, that the filing fee was due. They were further informed on August 16, 2010, that the appeal was dismissed for failure to pay the filing fee. Yet they waited for over two months past the issuance of remittitur

---

[8]Appellants' counsel states that he wrote the clerk of this court a letter requesting clarification, a copy of which he attaches to his motion. Counsel is admonished that any request for relief from this court must be presented by way of a formal, written motion, not by way of a letter addressed to the clerk of the court. *See In re Petition to Recall Dunleavy*, 104 Nev. 784, 787, 769 P.2d 1271, 1273 (1988).

[9]Moreover, even if the notices and orders had been the result of "glitches" in the system, it is for this court, not counsel, to decide whether a notice, order, or other directive of this court was issued in error. Repeated failure to comply with this court's rules, notices, orders, or other directives may result in a referral of counsel to the State Bar for investigation, as occurred here.

on September 10, 2010, to submit the instant motion for reconsideration. They have offered no compelling reason why this closed appeal should be reopened long after remittitur issued. Consequently, we reject the proffered motion for reconsideration in Docket No. 56473 and decline to file it.

Unlike Docket No. 56473, remittitur in Docket No. 55981 has not yet issued, and it remains pending on our docket. Because the appeal in Docket No. 55981 is in a different procedural posture from the appeal in Docket No. 56473, we will accept for filing the motion for reconsideration in Docket No. 55981. We conclude, however, that reconsideration of our order dismissing the appeal in Docket No. 55981 is not warranted, as appellants have provided no good reason why we should reconsider our prior ruling. Appellants' counsel misapprehended the applicable law by misapplying, or failing to consider, the controlling authorities outlined above that led to dismissal of the appeal for failure to pay the filing fee. Specifically, counsel failed to comprehend that an appeal from a special order after final judgment is independently appealable and therefore requires a separate filing fee. *See* NRAP 3(e), 3A(b)(8); NRS 2.250. Ignorance of the law does not provide justification for us to reconsider our decision. The motion for reconsideration of the order dismissing the appeal in Docket No. 55981 is therefore denied.

## *CONCLUSION*

We can no longer afford to devote limited judicial resources to matters in which the requisite fees have not been paid. Therefore, unless a party is exempt from paying the requisite fee, we will not consider the merits of any matter presented for filing until the requisite fee has been paid. Failure to pay the requisite fee in a timely manner will result in dismissal.

For the reasons stated, in Docket No. 56473, we direct the clerk of this court to return, unfiled, the motion for reconsideration submitted November 17, 2010.[10] Docket No. 56473 is closed, and will remain closed. In Docket No. 55981, we direct the clerk of this court to file the motion for reconsideration submitted November 17, 2010.[11] The motion for reconsideration of our order dismissing the appeal in Docket No. 55981 is denied.[12]

---

[10]We further direct the clerk of this court to return, unfiled, the erratum submitted November 18, 2010, in Docket No. 56473.

[11]We further direct the clerk of this court to file the erratum submitted on November 18, 2010, in Docket No. 55981.

[12]The clerk of this court is directed to return the two checks for $250 that accompanied the motions for reconsideration in these cases.