An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HUCKABAY PROPERTIES, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>NC AUTO PARTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND STEVEN B. CRYSTAL, AN INDIVIDUAL,<br>Respondents. | No. 61024 |
| HUCKABAY PROPERTIES, INC., A NEVADA CORPORATION; AND JOHN HUCKABAY, JR.,<br>Appellants,<br>vs.<br>NC AUTO PARTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND STEVEN B. CRYSTAL,<br>Respondents. | No. 61791<br><br>**FILED**<br><br>JUN 25 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## *ORDER DISMISSING APPEALS AND REFERRING APPELLANTS' COUNSEL TO THE STATE BAR OF NEVADA*

These are consolidated appeals from a district court judgment in a real property contract action and from a post-judgment order awarding attorney fees and costs. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

*Motion to dismiss*

Respondents have filed a motion to dismiss these appeals based on appellants' failure to file the opening brief. Appellants' opening brief was originally due on March 12, 2013. Appellants filed a motion for an extension of time, which this court granted, extending the due date for the brief to April 11, 2013. On April 12, 2013, appellants filed a second motion for an extension of time, asking to be allowed until May 13, 2013,

13- 18725

to file the brief. Based on appellants' failure to timely submit the brief by the May 13 requested deadline, this court entered an order on May 24, 2013, denying as moot appellants' April 12 motion for a second extension of time. As a courtesy before dismissing the appeals as abandoned, this court's May 24 order allowed appellants 11 days, until June 4, 2013, to file and serve the opening brief and appendix and warned that failure to do so could result in the dismissal of these appeals as abandoned. Appellants did not file and serve the opening brief and appendix by June 4.

On June 10, respondents filed their motion to dismiss these appeals. Appellants oppose the motion and have filed a motion again asking for more time to file the opening brief, seeking what they refer to as an additional six-day extension, until June 12, 2013. Appellants' counsel, Beau Sterling, states that the "short amount of additional time is requested in order to help spread out the deadlines slightly on a number of matters, including this one, that all fell due around the same time, and most of which are similarly urgent." Counsel then points out that he recently filed briefs in other matters and prepared for two oral arguments and attended his son's high school graduation. Counsel states that his motion for an extension of time was late because he wanted to be sure he could complete the brief by any new deadline requested before making the motion.

Respondents oppose any additional extension of time, arguing that although appellants' latest motion for an extension of time explains that Mr. Sterling was on his way out of town when this court entered its May 24 order, the motion provides no explanation regarding how long Mr. Sterling was out of town, when he became aware of the order, or why he

did not seek relief from the order before the 11-day time limit expired, instead waiting 17 days without explanation for the delay.

Appellants have replied, stating that this court did not preclude appellants from requesting any additional extensions of time to comply with the "new deadline" specified in the May 24 order, which they say "is not surprising given that, because of the timing of service of the [May 24] order (late Friday afternoon before the 3-day Memorial Day weekend), the period covered by the 11-day order included only 6 business days." Appellants also state that the additional time requested "is not a substantial delay, and, in fact, the opening brief and appellants' 7-volume appendix were submitted to the Court and served on opposing counsel on the newly requested due date," June 12.

In reply to appellants' opposition to their motion to dismiss, respondents state that although this court's May 24 order denied the second motion for an extension of time, as an accommodation to Mr. Sterling, it allowed an 11-day grace period for filing the opening brief and that order could not "possibly have lead Mr. Sterling to believe the court would grant another extension or that the 11-day time limit in the order could be ignored." Respondents also state that although Mr. Sterling represented that he attempted to contact attorney Dane Anderson to confer on a third extension of time, Mr. Anderson is not counsel in this appeal, and never has been, and Mr. Sterling knows it.

On June 14, 2013, appellants electronically filed in this court a "certificate of service" for the opening brief and appendix, indicating that on June 12, 2013, they submitted to this court and served on respondents by United States mail the opening brief and appendix. The brief and appendix, however, were not submitted to this court for filing with the

certificate of service. Only the certificate of service was filed. The opening brief and appendix were subsequently provisionally received in this court on June 17, 2013.

Appellants, in their motion practice, appear to blame this court for their delays and failure to abide by court rules and comply with court orders based on this court entering an order allowing them an additional 11 days to file their already overdue brief on a Friday before a three-day weekend. According to appellants, by entering the order on a Friday before a holiday weekend, this court narrowed the deadline for appellants to file their opening brief to only six days. What appellants fail to recognize, however, is that they missed all deadlines that this court extended to them for filing the opening brief and appendix. Appellants' opening brief was originally due on March 12, 2013. This court granted a 30-day extension of time, making the new deadline April 11, 2013. Appellants then asked that they be allowed until May 13, 2013, to file the brief. When they failed to submit the brief by that date, this court entered an order on May 24, 2013, which, instead of dismissing the appeal as abandoned, allowed appellants yet another 11 days (until June 4, 2013) to file the brief. Appellants failed to file the brief by June 4, and failed to seek more time before that date. Respondents moved to dismiss based on appellants' failures. Although appellants asked that they be allowed until June 12 to file the brief, they did not submit the brief for filing by June 12, but instead electronically filed only a certificate of service for the brief on June 14, indicating that the brief and appendix were submitted to this court and served on respondents on June 12 via U.S. mail. The brief and appendix were subsequently provisionally received in this court on June 17, but that submission is nevertheless beyond the June 4 deadline that

SUPREME COURT
OF
NEVADA

(O) 1947A

this court extended to Mr. Sterling as a courtesy before dismissing these appeals. These repeated failures to timely comply with this court's rules and directives have unnecessarily delayed these appeals and increased this court's workload and they cannot be condoned. *See Weddell v. Stewart*, 127 Nev. ___, 261 P.3d 1080 (2011) (addressing repeated failures to follow court rules and court directives in declining to reconsider an order dismissing an appeal based on such failures).

Accordingly, appellants' untimely motion for an extension of time is denied, respondents' motion to dismiss is granted, and we hereby dismiss these appeals.

*Counsel's referral to the State Bar of Nevada*

Appellants' attorney Beau Sterling was recently ordered to appear before the en banc court to show cause why he should not be barred from practicing before this court based on repeated failures to comply with briefing deadlines, Nevada Rules of Appellate Procedure, and this court's orders and directives. In so ordering, this court noted that Mr. Sterling's failure to comply with this court's rules, notices, and orders had significantly delayed the appeals for which he was ordered to appear and was unacceptable. *See* RPC 1.1 (requiring attorneys to provide competent representation to their clients); RPC 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."). At the same time that counsel was ordered to appear and show cause, this court referred counsel to the Nevada State Bar for investigation. In so doing, this court outlined multiple civil and criminal appeals in which Mr. Sterling repeatedly missed deadlines, thus significantly delaying the appeals to the potential detriment of his clients. When counsel appeared before this court, he represented that he had regained control of his

caseload and had implemented plans to alleviate such delays in the future. Despite these representations, counsel failed to timely file the opening brief and appendix, in violation of the rules of appellate procedure, and failed to comply with this court's order directing him to file the overdue brief by June 4, 2013, which, to the detriment of his client, resulted in this order dismissing these appeals. Accordingly, as a result of Mr. Sterling's failure to meet deadlines and follow court rules and orders, we refer him to the State Bar of Nevada to pursue such investigation and discipline as it sees fit. *See Weddell*, 127 Nev. at ___ n.9, 261 P.3d at 1085 n.9 (noting that counsel may be referred to the State Bar for investigation for failure to comply with this court's rules, notices, orders, or other directives). The clerk of this court is directed to mail to the State Bar copies of all motions, oppositions, and responses filed in these appeals since March 8, 2013, when appellants filed their first motion for an extension of time, as well as this court's May 24, 2013, order denying as moot appellants' second motion for an extension of time.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]The clerk of this court is directed to return, unfiled, the opening brief and appendix, which were provisionally received in this court on June 17, 2013.

cc: Hon. Jerome Polaha, District Judge
James Georgeson, Settlement Judge
Sterling Law, LLC
Hoffman Test Guinan & Collier
Lemons, Grundy & Eisenberg
Wm. Patterson Cashill
State Bar of Nevada
Washoe District Court Clerk