An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS RUSK, REGISTERED ARCHITECT NUMBER 1309,
Appellant,
vs.
NEVADA STATE BOARD OF ARCHITECTURE, INTERIOR DESIGN AND RESIDENTIAL DESIGN,
Respondent.

No. 61844

FILED

JUL 30 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition for judicial review of a Nevada State Board of Architecture decision. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The opening brief was originally due May 6, 2013. On May 17, 11 days after the brief was due, appellant's counsel filed a motion for an extension of time, asking to be allowed until June 5 to file the opening brief. Counsel stated that he needed more time because of conflicts with the briefing schedules in other matters and because he was ill the previous week. The motion did not state why a request for more time was not timely made before the brief was due in accordance with NRAP 31(b)(3). Respondent opposed the motion as untimely and lacking good cause. Appellant filed a reply, stating that first requests for extensions are ordinarily granted as a matter of course and counsel's caseload is adequate reason enough. On May 29, 2013, this court granted the motion for an extension of time, allowing appellant until June 6, 2013, to file the brief and noting that the motion should have been filed before the brief was due and that counsel's caseload was not a valid excuse for noncompliance with filing deadlines. The order warned that no further extensions would be granted absent extreme and unforeseeable circumstances.

13-22443

On June 7, 2013, appellant filed an unopposed motion to extend the time for filing the opening brief, asking that he be allowed until June 14, 2013, so that counsel could continue to confer with respondent's counsel in preparing the joint appendix and other matters related to briefing the appeal and to accommodate appellant's counsel's schedule with regard to important family-related matters. On June 17, 2013, counsel filed a motion for a third extension of time asking for "1 additional day, from Friday, June 14 up to and including Monday, June 15, 2013 to file his opening brief and appendix." Appellant's counsel stated that he was continuing to work on preparing the joint appendix and other matters related to briefing. Although the motion asked for an extension until June 15 (a Saturday, which had already passed), it seems that counsel was asking that he be allowed until Monday, June 17 to file the brief. Counsel, however, did not file the brief by that date.

On June 18, 2013, appellant filed an unopposed motion for a fourth extension, from June 17 to June 21, stating that the parties were working on compiling the joint appendix and other matters related to briefing. On June 24, 2013, appellant filed a motion to exceed the page limit for the opening brief. The proposed oversized opening brief was submitted to this court for filing on June 24. The proposed joint appendix was submitted on June 25.

On June 25, respondent opposed the motion to exceed the page limit and filed a countermotion to dismiss the appeal. Respondent argues that appellant's motion to exceed the page limit failed to comply with NRAP 32(7)(D), in that appellant did not show diligence or good cause for exceeding the page limit except to say that the appeal raises 6 issues and the record is 1,230 pages, appellant did not file his motion before any of the brief's potential due dates (either June 6, June 14, June 15, or June

21, depending on which motion for extension of time is relied upon), and he did not submit a copy of the brief with his motion. *See* NRAP 32(7)(D).

In arguing for the appeal's dismissal, respondent contends that although appellant submitted an eight-volume "joint" appendix, respondent has not joined in the appendix. Respondent argues that it agreed to allow an extra two weeks to brief the matter, but always with the understanding that appellant would not submit the joint appendix without first obtaining respondent's joinder and at no time during the time when appellant's counsel was asking respondent to agree to more time did he ever mention that he would be seeking to file a 69-page brief. Respondent states that although it twice agreed to accommodate appellant's counsel by not opposing the second and fourth requests for extensions of time, appellant failed to meet any of the agreed-upon deadlines. Respondent argues that granting appellant any additional time to cure his derelictions would reward him for a seemingly endless series of delays. Respondent asks this court to reject the late-submitted, oversized brief, to reject the joint appendix in which respondent has not joined, and to dismiss the appeal.

Appellant opposes the motion to dismiss and argues that the proposed opening brief's size is reasonable based on the case.[1] Appellant states that his motion for excess pages was not late because his attorney submitted it for electronic filing "a little before midnight on Friday, June

---

[1] On July 15, respondent filed a notice of nonopposition and request for an order of dismissal on the basis that appellant had not opposed the motion to dismiss. Appellant, however, submitted his opposition to the motion to dismiss to this court for filing on July 3, although the opposition was not filed until July 22, 2013. Thus, appellant timely opposed the motion to dismiss.

 

21, 2013," and although the proposed brief was not submitted with the motion on June 21, that was an "oversight." Appellant's counsel argues that his procedural derelictions, although regrettable, are minor and did not cause any additional delay and have not prejudiced respondent. Counsel contends that dismissal would be too harsh of a sanction and unfair to appellant.

Having considered the parties' arguments, we deny appellant's three pending motions for extensions of time and his motion to file the opening brief with excess pages, and we grant respondent's motion to dismiss this appeal. In our May 29 order, this court pointed out appellant's counsel's failure to comply with court rules and meet deadlines, and while granting more time, we warned appellant that the brief was due by June 6, 2013, and that further extensions would not be granted absent extreme or unforeseeable circumstances. Despite these warnings, appellant sought three additional extensions on the ground that his attorney was conferring with respondent on a joint appendix and "other matters related to the briefing of the appeal," neither of which amount to extreme or unforeseeable circumstances. Additionally, although respondent did not oppose two of the requests for more time, respondent contends that it did so on the belief that appellant would not submit the joint appendix without first obtaining respondent's joinder and, despite appellant's counsel's representation that he was conferring with respondent about "other matters related to the briefing for the appeal," at no time before or after asking respondent to agree to more time did appellant ever mention that he would be seeking to file an oversized brief. Additionally, although appellant submitted his motion for excess pages to this court on June 21, he did not submit the brief with the motion as required under NRAP 32(7)((D). The brief was therefore not timely

SUPREME COURT
OF
NEVADA

(O) 1947A

submitted by the June 6 deadline imposed by this court or within any of the three additional requests for time extensions that appellant proposed. NRAP 31(d); *Weddell v. Stewart*, 127 Nev. ___, 261 P.3d 1080 (2011), (declining to reconsider an appeal's dismissal based on counsel's failures to comply with court rules and directives). Accordingly, we

ORDER this appeal DISMISSED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Ronald J. Israel, District Judge
        Lansford W. Levitt, Settlement Judge
        Sterling Law, LLC
        Louis A. Ling
        Eighth District Court Clerk

---

[2]The clerk of this court shall return, unfiled, the proposed opening brief and joint appendix, which were provisionally received in this court on June 24 and 25, 2013, respectively.

