# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE I. COHEN,
                                Appellant,
                        vs.
CYRUS I. GOLDIN; AND GERALDINE
H. GOLDIN,
                        Respondents.

No. 71084

**FILED**

NOV 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ____S. Young____
        DEPUTY CLERK

## *ORDER DISMISSING APPEAL AND REFERRING COUNSEL TO STATE BAR FOR INVESTIGATION*

This is an appeal from a corrected decision and order granting in part a motion to retax costs and for attorney fees. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

On July 5, 2017, we entered an order conditionally imposing sanctions on counsel for appellant, John A. Collier, for failure to file the transcript request form and the opening brief and appendix.[1] The order indicated that the conditional sanction would be automatically vacated if Mr. Collier files and serves the transcript request form and the opening brief and appendix or a motion to extend time within 11 days from date of the order. The order further cautioned that Mr. Collier's failure to comply with the order or any other filing deadlines would result in the dismissal of the appeal and the referral of Mr. Collier to the State Bar for investigation.

On July 14, 2017, Mr. Collier filed a motion for an extension of time to file the transcript request form and opening brief and appendix. On July 31, 2017, this court entered an order granting the motion for extension

---

[1]A copy of this order is attached.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-38918

of time and indicating that, based on the timely filing of the motion for extension of time, the conditional sanction previously imposed had been automatically vacated.[2] The order directed Mr. Collier to file the transcript request form on or before August 15, 2017, and the opening brief and appendix on or before September 15, 2017. That order cautioned Mr. Collier that failure to comply could result in the imposition of sanctions, including the dismissal of the appeal. To date, Mr. Collier has failed to file the transcript request form and the opening brief and appendix, or to otherwise communicate with this court.

We have repeatedly stated that we expect all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State,* 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State,* 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner,* 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber,* 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Collier, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with our directives. *Weddell v. Stewart,* 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Collier is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085.

Mr. Collier's failure to comply with our rules and orders has forced this court to divert our limited resources to ensure his compliance

---

[2]A copy of this order is attached.

and needlessly delayed the processing of this appeal. Therefore, we dismiss this appeal. Because it appears that Mr. Collier's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), we refer Mr. Collier to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                                        Stiglich

cc:    Hon. Jerome M. Polaha, District Judge
        Margaret Crowley, Settlement Judge
        Kalicki Collier, PLLC
        John A. Collier
        Robison, Simons, Sharp & Brust
        Stan Hunterton, Bar Counsel
        Washoe District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE I. COHEN,
                          Appellant,
                    vs.
CYRUS I. GOLDIN; AND GERALDINE
H. GOLDIN,
                          Respondents.

No. 71084

**FILED**

JUL 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER CONDITIONALLY IMPOSING SANCTIONS*

On April 26, 2017, this court entered an order denying respondents' motion to dismiss the appeal; granting appellant's motion for an extension of time to file and serve the opening brief and appendix; and directing appellant, within 11 days, to file a transcript request form that complies with NRAP 9(a)(3)(C)(v). Pursuant to our order, the transcript request form and the opening brief and appendix were due no later than May 8, 2017. We cautioned appellant that failure to timely comply with this order could result in the imposition of sanctions, including the dismissal of this appeal.[1] NRAP 9(a)(7); NRAP 31(d).

To date appellant has not filed the documents or otherwise communicated with this court, and respondents have filed a notice of non-compliance requesting that this court impose sanctions on appellant pursuant to NRAP 9(a)(7) and NRAP 31(d).

We conclude that appellant's failure to file the transcript request form and the opening brief and appendix warrants the *conditional*

---

[1]A copy of the order is attached.

17-22068

imposition of sanctions. Counsel for appellant, John A. Collier, shall pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment within 15 days from the date of this order. The conditional sanction will be automatically vacated if Mr. Collier files and serves the transcript request form and the opening brief and appendix or a motion to extend time that complies with NRAP 31(b)(3) within 11 days from the date of this order.

If the required documents are not timely filed, the sanction will no longer be conditional and must be paid. Failure to comply with this order or any other filing deadlines will result in the dismissal of this appeal. Further, because it appears that Mr. Collier's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with this order or any other filing deadlines will also result in Mr. Collier's referral to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]We decline, at this time, to impose additional sanctions pursuant to respondents' motion.

cc: Kalicki Collier, PLLC
Robison Belaustegui Sharp & Low
John Collier
Supreme Court Law Librarian

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE I. COHEN,
                Appellant,

vs.

CYRUS I. GOLDIN; AND GERALDINE
H. GOLDIN,
                Respondents.

No. 71084

**FILED**

JUL 31 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING MOTION*

Cause appearing, appellant's motion requesting an extension of time to file the transcript request form and opening brief and appendix is granted to the following extent. NRAP 31(b)(3)(B). Appellant shall have 15 days from the date of this order to file and serve a transcript request form that complies with NRAP 9(a)(3)(C). Appellant shall have until September 15, 2017, to file and serve the opening brief and appendix. No further extensions of time shall be permitted absent demonstration of extraordinary circumstances and extreme need, and in no instance will a further extension be granted on the ground that the transcripts have not been prepared. *Id.* Counsel's caseload normally will not be deemed such a circumstance. *Cf. Varnum v. Grady*, 90 Nev. 374, 528 P.2d 1027 (1974). Failure to comply with this order may result in the imposition of sanctions, including the dismissal of this appeal.[1]

It is so ORDERED.

_____, C.J.
    Cherry

---

[1]Because appellant timely filed a motion for an extension of time, the conditional sanction imposed in our July 5, 2017, order was automatically vacated.

cc:    Kalicki Collier, PLLC
Robison Belaustegui Sharp & Low

## Telephonic Extension

5 day extension for any document due EXCEPT filing fee.

C-Track -> Case notes "5 day ext. granted for <u>document</u>"

Approved:
> C-Track -> case note -> "5 day extension granted for <u>document</u>"
> Prepare Clerk order.
>> *See* NRAP 26(b)(1)(B) 5 day ext rule for all documents EXCEPT fast track cases.
>>
>> *See* NRAP 3C(i)(2)(A) 5 day ext rule for criminal fast track cases.
>>
>> *See* NRAP 3E(f)(2) 5 day ext rule for child custody fast track cases.

Petition for Rehearings
> Okay to do a 5 day extension.
> Original due date is 18 days from dispo date.
> **NO** 3 day mailing exception to due dates.

Motions
> Response to a motion is 7 judicial days from file date.
>> Ie: motion filed 4/21/14, response due 4/30. NRAP 27(a)(3).
>> (11 day rule – NRAP 26a)
>
> If response attorney is **NOT** an e-filer, 3 day mail rule **will** apply to due date
>> 7 days to file a response to motion + 3 days mailing exception = 10 judicial days
>>> Ie: motion filed on 4/21/14, response will be due on 5/5

Court of Appeals:
Send all telephonic requests to Tom.