# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRACY LEE CASTL,
                Appellant,
    vs.
PENNYMAC HOLDINGS, LLC,
                Respondent.

No. 82296

**FILED**

MAY 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court final judgment in an action relating to real property. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant filed the notice of appeal pro se. On May 13, 2021, appellant filed her first pro se motion for an extension of time, requesting an additional 90 days to file the opening brief. Appellant represented that she has serious medical issues and was in the process of engaging an appellate attorney. This court granted the motion on May 24, 2021. Appellant then filed a second pro se motion for extension of time to file the opening brief, requesting a 60-day extension. Appellant asserted that she was waiting for the production of requested transcripts; once the transcripts were produced, she would be able to engage an appellate attorney. Appellant also cited her serious medical issue. Respondent opposed the motion, asserting that this was the seventh legal action filed to delay the foreclosure on appellant's property. Respondent pointed out that prior to the first extension motion, appellant filed a notice in this court stating that she was not requesting any transcripts in this appeal. And it did not appear that appellant had requested any transcripts from the court reporter. Respondent also asserted that appellant has actively participated in this

22-15258

case despite her health conditions. Appellant filed a reply detailing her medical condition. This court denied the motion, directing appellant to file and serve an informal brief or an opening brief by October 4, 2021. The order cautioned that failure to comply could result in the imposition of sanctions, including the dismissal of this appeal.

On October 4, 2021, attorney Byron Thomas filed a notice of appearance on behalf of appellant as well as a third motion for an extension of time (60 days) to file the opening brief. Mr. Thomas asserted that he recently received the case file and needed more time to review the record and prepare the brief. Respondent opposed the motion, arguing that appellant waited 10 months after her district court counsel withdrew to retain appellate counsel. Respondent contended that appellant only retained counsel to further delay this matter. This court granted the motion on October 21, 2021, giving appellant until December 3, 2021, to file and serve the opening brief. Given that appellant had already received significant extensions of time to file the opening brief, the order stated that no further extensions of time would be granted absent demonstration of extraordinary circumstances and extreme need. The order also cautioned that failure to timely file the opening brief could result in the imposition of sanctions, including the dismissal of this appeal. *See* NRAP 31(d).

On December 3, 2021, Mr. Thomas filed a fourth motion for an extension of time (60 days). Counsel represented that appellant was unable to pay for the transcripts until November 24, 2021, and they would not be ready until December 29, 2021. On December 16, 2021, this court entered an order noting that appellant previously filed a certificate stating that no transcripts would be requested in this matter, counsel had not filed a transcript request form in this court, and the district court docket entries

did not indicate that a transcript request form had been filed in the district court. Accordingly, this court was not convinced that appellant demonstrated extraordinary circumstances and extreme need warranting the requested extension. *See* NRAP 31(b)(3)(B). Nevertheless, because it appeared that an extension of time was necessary, this court granted the extension, giving appellant until December 23, 2021, to serve and file a transcript request form, and until January 28, 2022, to file and serve the opening brief. The order again stated that no further extensions of time would be granted absent demonstration of extraordinary circumstances and extreme need and cautioned that failure to timely file the opening brief could result in the imposition of sanctions, including the dismissal of this appeal. *See* NRAP 31(d).

Mr. Thomas timely filed the transcript request form in this court but did not timely file the opening brief or otherwise communicate with this court. On February 14, 2022, Mr. Thomas untimely filed a fifth motion for an extension of time (30 days) to file the opening brief. Mr. Thomas stated that the motion was untimely due to a calendaring error. He represented that an extension of time was necessary because the transcripts were not ready until January 20, 2022, and did not include the requested exhibits. Respondent opposed the motion. On February 22, 2022, this court entered an order denying the motion. This court explained that exhibits are properly obtained from the district court clerk, not the court reporter, and appellant's failure to timely and properly request the exhibits does not constitute extraordinary and compelling circumstances warranting an additional extension of time. This court directed appellant to file and serve the opening brief within 7 days, stated that any additional extensions would be granted only on a showing of extraordinary circumstances and

extreme need, *see* NRAP 31(b)(3)(B), and cautioned that failure to timely file the opening brief could result in the imposition of sanctions, including the dismissal of this appeal, *see* NRAP 31(d).

On March 1, 2022, Mr. Thomas filed a sixth motion for an extension of time to file the opening brief (30 days) and to reconsider the denial of the previous motion. Mr. Thomas asserted that he filled out the request for transcript form but the form did not have a box to check for exhibits and he was not informed that he needed to request exhibits separately. He believed that the exhibits were not included with the transcripts because an outside court reporter prepared the transcripts. Mr. Thomas stated that the exhibits still had not been provided. Respondent opposed the motion, citing appellant's history of delay. Respondent asked that this appeal be dismissed for appellant's failure to timely file the opening brief. This court denied the motions in an order entered on March 10, 2022. The order stated that although this court's prior order advised appellant that exhibits were properly requested from the district court clerk and not the court reporter, the current motion did not indicate that appellant had contacted the court clerk to obtain copies of any necessary exhibits. Accordingly, appellant did not demonstrate extraordinary circumstances and extreme need warranting a sixth extension of time or that reconsideration of the order denying her motion for a fifth extension of time was warranted. This court directed appellant to file the opening brief within 7 days. This court stated that any additional extensions would be granted only on a showing of extraordinary circumstances and extreme need. NRAP 31(b)(3)(B). This court denied respondent's motion to dismiss this appeal but cautioned appellant that failure to timely file the opening

SUPREME COURT
OF
NEVADA

(O) 1947A

brief could result in the imposition of sanctions, including the dismissal of this appeal. NRAP 31(d).

Exactly 7 days later. Mr. Thomas filed a seventh motion for an extension of time to file the opening brief (30 days) and to reconsider the denial of the previous motion. Counsel stated that the exhibits were obtained but an additional extension was necessary due to appellant's medical condition, which was causing her serious difficulty with concentration and memory.[1] Respondent opposed the motion, again citing appellant's history of delay. Respondent asked for the second time that this appeal be dismissed for failure to timely file the opening brief. In an order entered on March 29, 2022, this court denied both the extension motion and the unopposed request to dismiss this appeal. This court directed appellant to file and serve the opening brief within 7 days (by April 5, 2022). This court noted that this appeal had been pending for over one year. Therefore, failure to timely file and serve the opening brief would result in the imposition of sanctions, including, but not necessarily limited to, monetary sanctions and/or the dismissal of this appeal. See NRAP 31(d). No further extensions of time would be granted absent demonstration of the most extraordinary circumstance and extreme need. See NRAP 31(b)(3)(B). Appellant did not timely file the opening brief or otherwise communicate with this court.

On April 7, 2022, respondent filed a notice informing this court that appellant had not filed the opening brief. Three days later, Mr. Thomas untimely filed a motion for an eighth extension of time (30 days) to file the opening brief and to reconsider the denial of the previous motion. Mr.

---

[1]Thomas also incorrectly asserted that the sixth extension motion was denied because the clerk's office did not order the exhibits.

 

Thomas explained that appellant has serious neurological issues due to multiple surgeries and has serious difficulty with concentration and memory. Mr. Thomas stated that he would bring in additional counsel who is more familiar with appellant and can assist with communication. Mr. Thomas also requested that this court refrain from imposing sanctions because appellant's medical condition has caused her serious financial issues and counsel is undertaking this appeal at reduced rates.

On April 18, 2022, this court entered an order denying the eighth extension motion and conditionally imposing sanctions on Mr. Thomas. This court explained that while it is sympathetic to appellant's medical issues, this appeal had been pending for over 15 months. Appellant cannot indefinitely delay the briefing of this appeal. And counsel did not adequately explain how appellant's medical issues caused him to fail to comply with the briefing deadline or otherwise timely communicate with this court. This court ordered Mr. Thomas, by May 2, 2022, to pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment. This sanction was conditional—it would be automatically vacated if the opening brief and any appendix were filed and served by April 25, 2022. If the opening brief was not timely filed, the sanction would no longer be conditional and must be paid. This court cautioned that failure to comply with the order or any other filing deadlines in this matter would result in the dismissal of this appeal. Further, because it appeared that Mr. Thomas' conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with this order or any other filing deadlines could also result in his referral to the State Bar of Nevada for investigation pursuant to SCR 104-

Supreme Court
of
Nevada

(O) 1947A

105. Appellant did not timely file the opening brief or otherwise communicate with this court.

On April 27, 2022, respondent filed a motion to dismiss this appeal. Respondent again cites appellant's history of delays. It points out that this court's April 18, 2022, order stated that failure to timely file the opening brief would result in the dismissal of this appeal. Pursuant to that order, respondent argues, this appeal must be dismissed.

On May 2, 2022, Mr. Thomas filed proof of payment of the $250 sanction to the Supreme Court Law Library. Therein, Mr. Thomas indicates that he was unable to file the opening brief due to a fundamental disagreement with appellant. On May 4, 2022, Mr. Thomas obtained a telephonic extension of time, until May 18, 2022, to file a response to the motion to dismiss.

This court has repeatedly stated that it expects all appeals to "be pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Thomas, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is imperative that he follow these rules and timely comply with this court's directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Thomas is "not at liberty to disobey notices, orders, or any other

SUPREME COURT
OF
NEVADA

(O) 1947A

directives issued by this court." *Id.* at 261 P.3d at 1085. Under the circumstance of this case, as described above, this court declines to wait for a response to the current motion to dismiss. The motion is granted and this appeal is dismissed. *See* NRAP 31(d).

Finally, because it appears that Mr. Thomas' conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), this court refers Mr. Thomas to the State Bar of Nevada for investigation pursuant to SCR 104-105. Bar counsel shall, within 90 days of the date of this order, inform this court of the status or results of the investigation and any disciplinary proceedings in this matter.

It is so ORDERED.

_____, J.
Silver

_____, J.          _____, J.
Cadish                                Pickering

cc:  Hon. Eric Johnson, District Judge
     Law Offices of Byron Thomas
     Byron E. Thomas
     Maurice Wood
     Akerman LLP/Las Vegas
     Eighth District Court Clerk
     Bar Counsel, State Bar of Nevada