# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MOHAJER, M.D., PLLC, A NEVADA PROFESSIONAL LIMITED LIABILITY, D/B/A CELLAXYS,<br><br>      Appellant,<br>    vs.<br>CHRISTOPHER J. CENTENO, M.D., AN INDIVIDUAL; AND REGENERATIVE SCIENCES, LLC, A FOREIGN LIMITED LIABILITY COMPANY, D/B/A CENTENO-SCHULTZ CLINIC,<br>      Respondents. | No. 84658<br><br>FILED<br><br>NOV 2 9 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| MOHAJER, M.D., PLLC, A NEVADA PROFESSIONAL LIMITED LIABILITY COMPANY, D/B/A CELLAXYS,<br><br>      Appellant,<br>    vs.<br>CHRISTOPHER J. CENTENO, M.D., AN INDIVIDUAL; REGENERATIVE SCIENCES, LLC, A FOREIGN LIMITED LIABILITY COMPANY, D/B/A CENTENO-SCHULTZ CLINIC,<br>      Respondents. | ✓ No. 85221 |

## ORDER DISMISSING APPEAL, REFERRING COUNSEL TO THE STATE BAR OF NEVADA FOR INVESTIGATION, AND REGARDING SANCTIONS

Docket No. 84658 is an appeal from a district court order granting a special motion to dismiss. Docket No. 85221 is an appeal from a district court order awarding attorney fees. Eighth Judicial District Court, Clark County; Veronica Barisich, Judge.

On September 2, 2022, the clerk of this court issued a notice in Docket No. 85221 directing appellant to file and serve the docketing statement by September 23, 2022. The notice cautioned that failure to

timely comply could result in the imposition of sanctions, including the dismissal of the appeal. *See* NRAP 14(c). On September 14, 2022, this court entered an order that, among other things, consolidated these appeals and directed appellant to file a transcript request form in the district court and a file-stamped copy of the transcript request form in this court by September 28, 2022. *See* NRAP 9(a). If no transcript was to be requested, appellant was to file and serve a certificate to that effect within the same time period. *Id.* The order also reminded counsel for appellant that the docketing statement in Docket No. 85221 was due to be filed by September 23, 2022. On October 7, 2022, the clerk of this court issued a notice in both of these appeals stating that appellant had failed to request transcripts and directing appellant to file and serve a transcript request form, or certificate that no transcript will be requested, by October 14, 2022.

Appellant did not timely comply. Therefore, on October 25, 2022, this court entered an order conditionally imposing sanctions on counsel for appellant, Mitchell D. Stipp. The order directed Mr. Stipp to pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment by November 8, 2022. The sanctions would be automatically vacated if Mr. Stipp filed and served the required documents by November 1, 2022. If the required documents were not timely filed, the sanctions would no longer be conditional and must be paid. The order cautioned that failure to comply with the order or any other filing deadlines in this matter could result in the dismissal of these appeals. Further, because it appeared that Mr. Stipp's conduct may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with the order or any other filing deadlines

could also result in the referral of Mr. Stipp to the State Bar of Nevada for investigation pursuant to SCR 104-105.

Mr. Stipp filed a certificate of no transcript request for both appeals on October 26, 2022. To date, however, he has not filed the docketing statement in Docket No. 85221 or otherwise communicated with this court regarding the docketing statement.

This court has repeatedly stated that it expects all appeals to "be pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010): *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Stipp, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is imperative that he follow these rules and timely comply with this court's directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Stipp is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085. Accordingly, the appeal in Docket No. 85221 is dismissed.

Because Mr. Stipp's conduct in this matter appears to constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), this court hereby refers Mr. Stipp to the State Bar of Nevada for investigation pursuant to SCR 104-105. Bar counsel shall, within 90 days of the date of this order, inform this court of the status or results of the investigation and any disciplinary proceedings in this matter.

Finally, the sanctions imposed in this court's October 25, 2022, order are no longer conditional and must be paid. Mr. Stipp shall have 7 days from the date of this order to pay $250 to the Supreme Court Law Library and provide this court with proof of such payment.

The opening brief and appendix in Docket No. 84658 are due to be filed by December 13, 2022. Failure to timely file those documents may result in the imposition of additional sanctions, including the dismissal of that appeal and the referral of Mr. Stipp to the State Bar of Nevada.

It is so ORDERED.[1]

_____, J.
Cadish

_____, J.                    _____, Sr. J.
Pickering                                        Gibbons

cc:     Hon. Veronica Barisich, District Judge
        Law Office of Mitchell Stipp
        Mitchell D. Stipp
        Brownstein Hyatt Farber Schreck, LLP/Las Vegas
        Supreme Court Law Librarian
        Bar Counsel, State Bar of Nevada
        Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in this matter under a general order of assignment.