STATE OF NEVADA, NEVADA EMPLOYMENT SECU-
RITY DEPARTMENT, APPELLANT, *v.* LEWIS WEBER,
RESPONDENT.

No. 14314

February 24, 1984                                       676 P.2d 1318

*Robert C. Manley,* Reno, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court order which reversed the decision of the Board of Review of the Employment Security Department. The Board's decision denied unemployment benefits to respondent on the ground that he had voluntarily left his last employment without good cause within the meaning of NRS 612.380.[1]

The record reveals that respondent was a taxicab driver who eventually stopped showing up for work after the employer changed the method of shift selection and respondent could no longer work during the shift he preferred. The essential facts were not disputed at any stage of proceedings. The district court's order labelled the Board's decision arbitrary, capricious and not supported by substantial evidence, but failed to provide any basis for that characterization.

Before addressing the merits of this appeal, some discussion of the briefs submitted by the parties is in order. The original briefs were substantially deficient in that they did not address the issues raised in the appeal and did not include relevant legal authority addressing a fundamental question.[2] This court therefore ordered the parties to file amended briefs.

The amended briefs are also deficient in several respects. For example, appellant has cited unpublished orders of this court as authority, a practice that is specifically prohibited by SCR

---

[1] NRS 612.380 provides in relevant part:

A person is ineligible for benefits for the week in which he has voluntarily left his last or next to last employment:

1.   Without good cause, if so found by the executive director, and until he earns remuneration in covered employment equal to or exceeding his weekly benefit amount in each of 10 weeks.

. . . .

[2] Appellant's original brief was submitted by attorney John A. Flangas, who no longer represents appellant.

123.[3] Respondent's amended brief contains a host of derelictions. For example, the brief contains purported citations to unreported trial court cases in other jurisdictions, without providing a means of verifying the existence or contents of those cases and without indicating what precedential value such cases might have. Additionally, respondent was derelict in providing legal and factual quotations without revealing the sources thereof, and in citing a case as being that of the supreme court of a sister state when it was actually decided by a lower appeals court thereof. *See* NRAP 28(b); Montes v. State, 95 Nev. 891, 603 P.2d 1069 (1979); Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971) (contentions not supported by relevant authority need not be considered). *See also* Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976). Finally, respondent has attempted to bolster his position by reference to events completely outside the record that occurred long after the district court reviewed the case. Reference to matters outside the record is improper. Hines v. Plante, 99 Nev. 259 n.1, 661 P.2d 880 (1983). *See also* McCracken v. Fancy, 98 Nev. 30, 639 P.2d 552 (1982).

We expect and require that *all* appeals brought in this court, regardless of the amount in controversy, will be pursued in a manner meeting high standards of diligence, professionalism, and competence. Moreover, we should rarely be compelled to order the filing of amended briefs in any appeal. We further expect and require that all legal and factual references will be cognizable by this court and will be proper in form and content.

When attorneys fail to brief a case adequately, the court is forced to divert its limited resources to the task of compensating for counsel's derelictions in order to properly reach and resolve the merits of the appeal. Since "[t]he purpose of briefing and oral argument is to inform this court of all authorities relevant to the issues raised in the appeal," a deficient performance by counsel may alter the outcome of an appeal. *See* Stanfill v. State, 99 Nev. 499, 665 P.2d 1146 (1983) (opinion on reh'g). Ultimately, where attorneys do not fulfill their duties, both justice and the clients' interests suffer.

---

[3]SCR 123 provides:

An unpublished opinion or order of the Nevada Supreme Court shall not be regarded as precedent and shall not be cited as legal authority except when the opinion or order is (1) relevant under the doctrines of law of the case, res judicata or collateral estoppel; or (2) relevant to a criminal or disciplinary proceeding because it affects the same defendant or respondent in another such proceeding.

Although we will not impose sanctions in this case, in the future, when this court perceives a lack of regard for its rules or decisions, we may well impose sanctions such as striking a brief, dismissing an appeal, or finding a confession of error. Additionally, the attorneys involved may be referred to the bar for discipline.[4]

Turning to the merits of this appeal, we note that in reviewing an administrative board's decision, this court, like the district court, is limited to the record below and to the determination of whether the board acted arbitrarily or capriciously. McCracken v. Fancy, *supra*. The question is whether the board's decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency. *Id*. Additionally, judicial review of a decision of the Board of Review is limited to questions of law; the Board's findings of fact are conclusive if based on evidence and in the absence of fraud. NRS 612.530(4).[5]

Our review of the record indicates that the Board fully reviewed the undisputed facts of this case and determined that respondent left his job voluntarily without good cause. The record also discloses substantial evidence supporting that determination.

It appears that the district court simply preferred a lower level administrative decision which granted benefits to respondent, and the district court accordingly substituted its judgment for that of the Board. This was error. It is not the district court's function to choose among the various decisions made during an administrative proceeding. The court's function is to review the final administrative determination for arbitrariness, capriciousness, or a lack of substantial evidence. *See*

---

[4]SCR 203 adopts by reference the Code of Professional Responsibility of the American Bar Association, as amended and interpreted by that orgainization, insofar as that code is not in conflict with the rules of professional conduct set out in the Supreme Court Rules. Disciplinary rule DR 6-101 provides in part that "[a] lawyer shall not . . . [h]andle a matter without preparation adequate in the circumstances." Code of Professional Responsibility DR 6-101(A)(2).

[5]NRS 612.530(4) provides:

In any judicial proceedings under this section, the finding of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.

McCracken v. Fancy, *supra*. Respondent has failed to indicate anything in the administrative record that might have justified the district court's substitution of its opinion for that of the administrative agency. *See* State ex rel. Johns v. Gragson, 89 Nev. 478, 515 P.2d 65 (1973).

Accordingly, the district court's order is reversed and the decision of the Board is reinstated.