JOHN JOSEPH CUZDEY, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 17681

December 22, 1987                    747 P.2d 233

*LePome, Willick & Associates,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex A. Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of second degree murder with use of a deadly weapon. Appellant received a life sentence in prison with the possibility of parole for the second degree murder conviction, and a consecutive life term for the use of a deadly weapon. Twelve witnesses testified at appellant's six day jury trial. The trial transcript is 705 pages in length, and the complete record on appeal consists of six volumes.

Because of the severity of appellant's conviction and sentences, the apparent complexity of the appeal, and the length of the record, on November 19, 1986, this court remanded this matter to the district court for the appointment of counsel to represent appellant in this appeal. On January 16, 1987, this court was notified that the firm of LePome, Willick & Associates had accepted the appointment.

On May 8, 1987, after the opening brief was one week overdue, this court issued an order directing appellant either to file the opening brief within 15 days or to show cause why the appeal should not be dismissed. Counsel for appellant subsequently moved for an extension of time within which to prepare the opening brief. Counsel (Robert LePome) stated that "prior to my appointment from the Court, I undertook certain cases, including a criminal case which is now in jury trial, which case requires approximately 12 hours of my time per day," and that it was "not possible" for counsel to prepare the opening brief and do a competent job prior to June 15, 1987. Accordingly, counsel requested an extension of time to and including June 15, 1987,

within which to file the opening brief. This court subsequently granted counsel's motion, and allowed appellant an additional two weeks, to and including June 30, 1987, within which to file the opening brief.

On June 30, 1987, this court received appellant's opening brief. Respondent's answering brief was filed shortly thereafter, and appellant's counsel did not file a reply brief. Having preliminarily reviewed the briefs and the record on appeal, we conclude that the opening brief is seriously deficient in several respects. First, we note that the opening brief is only three pages in length. Despite the fact that the trial transcript in this appeal is over 700 pages long, the statement of facts in appellant's opening brief consists of only one-half page. The entire statement of facts reads:

> At trial, the State of Nevada presented eye-witness identification of the Appellant which was not 100% certain. ROA 375. It was quite dark at 4:50 A.M. on April 4, 1986. The street lights were just going off. ROA 746, ROA 807. There was other circumstantial evidence such as blood on the sneakers of the Appellant, ROA 869 and blood on the trousers that Appellant may have been wearing, ROA 874, and blood on some wooden boards which may have been used in the murder, ROA 963. The State could not show that the blood was that of the alleged victim, Mickey DeJegger, ROA 870.
>
> The prosecution in its argument, suggested that Appellant had some obligation to ask certain questions, ROA 1043, and made disparaging remarks about Appellant's counsel, ROA 1048, and again commented upon the failure of Appellant to present evidence, ROA 1052. The jury was initially deadlocked (ROA 1067, 1068) but after Court prompting, returned a verdict.

Clearly, this statement does not summarize the testimony or evidence presented at trial. As noted above, twelve witnesses testified, yet not a single witness's testimony is described in appellant's brief.

Second, appellant's brief raises two issues on appeal: (1) whether the evidence was sufficient to support the findings of guilty of murder in the second degree; and (2) whether prosecutorial misconduct deprived appellant of a fair trial. The brief does little more, however, than state these issues. Indeed, the entire argument section of the brief consists of the following:

### 1. SUFFICIENCY OF THE EVIDENCE

The evidence was not sufficient. The jury was split (ROA 1067 and 1068). In view of the above, we must carefully

examine whether there was sufficient evidence. The record does not support any more than a conjecture that Defendant committed the murder. The standard of review is whether the jury, acting reasonably, could have been convinced of Defendant's guilt beyond a reasonable doubt by the evidence that it had a right to consider.

*State v. Rhodig,* 101 Nev. 608 at 610 (1985); Citing *Wilkins v. State,* 96 Nev. 367, 609 P.2d 309 (1980).

The eye witnesses were not certain and the blood could have come from anyone with a similar type as the alleged victim.

## 2. PROSECUTORIAL MISCONDUCT

The prosecutor in his closing argument repeatedly tried to shift the burden of proof, ROA 1043, ROA 1068 and made disparaging remarks about Appellant's counsel, ROA 1048. Such conduct warrants reversal. *McGuire v. State,* 100 Nev. 153, 677 P.2d 1060 (1984). The effect of prosecutorial misconduct on a close case such as this was to deprive appellant of his right to a fair trial. The conviction must be reversed.

Clearly, these statements are conclusory, and are unsupported by any argument, reasoning, or application of the law to the facts. Additionally, despite the clear mandate of NRAP 28(a)(4), appellant's argument on the first issue fails to provide any citations to the six volume record on appeal or the 700 page trial transcript.[1] Moreover, although the state's answering brief directs our attention to various portions of the record, counsel for appellant failed to file a reply brief to distinguish the state's arguments or to otherwise rebut them. Although there may have been overwhelming evidence of appellant's guilt presented during the trial below, we simply cannot discern from the opening brief presently on file whether there are any issues of arguable merit in this appeal.

We have previously stated that we expect that all appeals brought in this court will be pursued in a manner meeting high standards of diligence, professionalism, and competence. *See* State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984). When attorneys fail to brief a case adequately, this court is forced to divert its limited resources to the task of compensating for counsel's derelictions in order to reach and resolve the merits of the appeal properly. Because the purpose of briefing is

---

[1]Appellant's only citation to the record in support of his representation that the jury was split is incorrect. Although the jury initially returned a split verdict, we note that a unanimous verdict of guilty was returned after the district judge instructed the jury to deliberate further.

to inform this court of all authorities relevant to the issues raised in the appeal, a deficient performance by counsel may alter the outcome of an appeal. *See* State, Emp. Sec. Dep't v. Weber, *supra*. Moreover, a defendant in a direct appeal from his judgment of conviction has a constitutional right to the effective assistance of counsel. *See* Evitts v. Lucey, 469 U.S. 387 (1985). In light of the above, we conclude that counsel's performance in the present case could arguably give rise to future claims of ineffective assistance of appellate counsel.

The rules of professional responsibility governing the bar require an attorney to provide competent representation to a client. SCR 151 explains that "[c]ompetent representation requires the legal knowledge, skill, and preparation reasonably necessary for the representation." As noted in SCR 150, the comments to the ABA Model Rules of Professional Conduct may be consulted for guidance in applying our professional rules. The comment to SCR 151 states:

> Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is. at stake; major litigation and complex transactions ordinarily require more elaborate treatment than matters of lesser consequence.

As noted above, this appeal challenges a serious criminal conviction. Appellant was sentenced to two life terms in the Nevada State Prison. Important individual rights and liberties are thus at stake in this appeal. Consequently, this case warrants more elaborate treatment than appellant's counsel accorded it.

Accordingly, we remand this matter to the Eighth Judicial District Court with instructions that the firm of LePome, Willick & Associates be removed as counsel of record for appellant. The district court shall appoint new counsel to represent appellant within fifteen (15) days from the date of this opinion. The clerk of the district court shall immediately inform the clerk of this court of the appointment, and new counsel shall promptly enter an appearance with this court. In light of the delay that has occurred in the processing of this appeal, we request that in reappointing counsel, the district court ensure that new counsel will be in a position to prosecute this appeal expeditiously. New counsel shall have forty (40) days from the date of appointment within which to file an opening brief.[2] Respondent shall have thirty (30) days

---

[2]The clerk of this court shall strike the opening brief presently on file.

thereafter within which to file an amended answering brief. The reply brief, if any, shall be filed within thirty (30) days thereafter.

Finally, in view of the lack of diligence and professional competence demonstrated by the firm of LePome, Willick & Associates and attorney Robert C. LePome in prosecuting this appeal, we conclude that sanctions are warranted. Accordingly, we hereby order the firm of LePome, Willick & Associates to pay the Clark County Law Library Book Fund the sum of one-thousand dollars ($1,000.00). This sum shall be paid within thirty (30) days of the date of this opinion, and attorney LePome shall provide the clerk of this court with proof of such payment promptly thereafter. Further, the firm of LePome, Willick & Associates and Robert C. LePome shall within thirty (30) days of the date of this opinion return to Clark County any and all sums received by the firm as expenses and fees incurred in representing appellant. Finally, we advise the firm of LePome, Willick & Associates that we are hereby informing the Chief Judge of the Eighth Judicial District Court of the lack of diligence and professionalism demonstrated by attorney Robert C. LePome and his firm in prosecuting this appeal. We strongly urge the Eighth Judicial District Court to remove the firm of LePome, Willick & Associates from its list of attorneys eligible to accept appointments to represent indigent criminal defendants for a period of one year from the date of this opinion.