A-NLV CAB COMPANY, Appellant, v. THE STATE OF NEVADA, TAXICAB AUTHORITY, an Agency of the State of Nevada, WHITTLESEA BLUE CAB COMPANY; HENDERSON TAXI; NEVADA CHECKER CAB CORPORATION; NEVADA YELLOW CAB CORPORATION and NEVADA STAR CAB CORPORATION, Respondents.

No. 22084

January 24, 1992                    825 P.2d 585

*Gordon & Silver* and *Scott Scherer and Elizabeth A. Kohnen,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City, *Jean M. Mischel,* Deputy Attorney General, Las Vegas, for Respondent State of Nevada, Taxicab Authority.

*Hilbrecht & Associates* and *Alaina Burtenshaw and Morgan D. Davis,* Las Vegas, for Respondents Whittlesea Blue Cab Company and Henderson Taxi.

*Alverson, Taylor, Mortensen & Nelson* and *David R. Clayson and Gary C. Milne,* Las Vegas, for Respondents Nevada Checker Cab Corporation, Nevada Yellow Cab Corporation and Nevada Star Cab Corporation.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for judicial review. Respondents Whittlesea Blue Cab Company and Henderson Taxi have moved to strike portions of appellant's opening brief. Respondents Nevada Checker Cab Corporation, Nevada Yellow Cab Corporation and Nevada Star Cab Corporation have joined in the motion to strike. Appellant opposes the motion.

In support of the motion, respondents contend that appellant improperly submitted to the district court, and to this court, the affidavits of individual members of the Nevada State Legislature in an effort to demonstrate the legislature's intent with regard to the enactment of NRS 706.8827(2).

Respondents further contend that appellant has improperly cited a number of unpublished decisions of administrative agencies outside this jurisdiction. Four such decisions identified by respondents are cited in appellant's opening brief as follows:

(1) *Re California Transport Company,* Decision No. 40473, California Application No. 27220, June 28, 1947;

(2) *Re S.B. Hamilton Trucking,* New York Case MT-2850, May 26, 1958;

(3) *Re Wright,* Colorado Application No. 9405, Decision No. 31381, October 4, 1948; and

(4) *Re Perricone,* Colorado Application No. 11163, Decision No. 37123, July 23, 1951.

Our review of the opening brief reveals a fifth administrative agency decision similarly cited by appellant as follows:

(5) *Re Los Angeles Traffic Manager's Conference,* Decision No. 44095, Case No. 4808, April 25, 1950.

Relying on SCR 123 and this court's opinion in State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984), respondents contend that appellant's citations to these decisions

are deficient and do not provide a means of verifying the existence or contents of those decisions. In addition, respondents note that their request for assistance in locating these administrative agency decisions was declined by attorney Elizabeth A. Kohnen, counsel for appellant and a member of the Las Vegas, Nevada, law firm of Gordon & Silver, on the asserted ground that such assistance would violate her ethical duty not to disclose her attorney work product.

In opposition to respondents' motion to strike appellant's references to these administrative agency decisions, appellant asserts that the "*Weber* decision does not support" respondents' argument, that "SCR 123 clearly does not prohibit A-NLV from citing administrative decisions from other states," and that "A Uniform System of Citation actually supports A-NLV's position that the administrative decisions it cited are a recognized form of legal authority." Appellant does not present any argument to support these conclusory assertions.

We agree with respondents' contention that the above citations are deficient. As respondents correctly argue, appellant has failed to identify a publication, if any exist, where these decisions can be found. Moreover, with the exception of appellant's reference to *Re Wright,* which appellant indicates was decided by the Colorado Public Service Commission, appellant's opening brief fails to identify the agency that issued those decisions.

Clearly, appellant has failed to provide either respondents or this court with a means of verifying the existence or contents of the administrative agency decisions referenced in appellant's opening brief. Such a failure to provide citations to legal authority in a cognizable form has been expressly proscribed by this court in *Weber,* 100 Nev. at 123, 676 P.2d at 1319.

In addition, attorney Kohnen's refusal to provide opposing counsel with cognizable legal citations to these administrative agency decisions, and counsel's assertion that providing such information would amount to "assistance in researching certain authorities" and an unethical divulsion of her attorney work product, are unfounded. Attorney Kohnen's claim that the attorney work-product doctrine precludes her from divulging cognizable citations to legal authority is patently erroneous.

Accordingly, we grant respondents' motion to strike appellant's references to the above administrative agency decisions and all arguments in the opening brief which relate to those decisions. The clerk of this court shall strike the following from appellant's opening brief: page 13, line 26; page 14, lines 1 through 16; page 15, lines 13 through 28; and page 16, lines 1 through 18.

We also agree with respondents' contention that appellant has improperly offered the affidavits of individual legislators to support its argument regarding the legislature's intent in enacting NRS 706.8827(2).

In opposition to respondents' motion to strike these affidavits, appellant asserts that, because the affidavits are not offered as evidence on any issue of fact, but are offered as a means of assisting this court in resolving an issue of law, this court's consideration of the affidavits is permissible. To support this argument, appellant cites this court to Cal. Tchrs. Ass'n v. San Diego Com. College, 621 P.2d 856 (Cal. 1981).

We agree with the California Supreme Court's holding in *Cal Tchrs. Ass'n,* which expressly proscribes the use of a legislator's statement of opinion as a means of divining legislative intent. Specifically, the California Supreme Court noted that:

> The district contends that the use of Senator Rodda's statement would violate well-settled principles of statutory construction. We agree. "In construing a statute we do not consider the motives or understandings of individual legislators who cast their votes in favor of it. [Citations.] Nor do we carve an exception to this principle simply because the legislator whose motives are proffered actually authored the bill in controversy [citation]; no guarantee can issue that those who supported his proposal shared his view of its compass." (In re Marriage of Bouquet (1976) 16 Cal.3d 583, 589-590, 128 Cal.Rptr. 427, 546 P.2d 1371.) A legislator's statement is entitled to consideration, however, when it is a reiteration of legislative discussion and events leading to adoption of proposed amendments *rather than merely an expression of personal opinion.*

621 P.2d at 860 (citations omitted; emphasis added).

In the instant case, appellant's opening brief offers the affidavits of five members of the Nevada State Legislature's Transportation Assembly Committee in an effort to establish the legislature's intent in enacting NRS 706.8827(2). Each of those affidavits recites that it is based on the affiant's "opinion and belief." Consequently, those five affidavits have been improperly submitted to this court, and appellant's submission to the district court of four such affidavits was similarly improper. Accordingly, the clerk of the court shall strike the following from appellant's opening brief: page 17, lines 25 through 28; page 18, lines 1 through 28; and page 19, lines 1 through 4.

We note, however, that the record on appeal contains the affidavits of four individual legislators which are, in three

instances, identical to the affidavits appended to appellant's opening brief. Because we are disinclined to excise portions of the record as made in the district court, we deny respondents' motion to strike the affidavits which are appended to appellant's opening brief. This court will, however, disregard those affidavits in resolving the merits of this appeal.

Finally, notwithstanding counsel's failure to heed the express directives set forth by this court in *Weber* with regard to providing cognizable citations to legal authority, we have determined that sanctions against appellant's counsel are not warranted at this time. We admonish the law firm of Gordon & Silver, however, that this court will not hesitate to impose sanctions in the future should similar unprofessional conduct come to this court's attention.