OPINION ON REHEARING

Per Curiam:

In an Opinion filed on May 19, 1994, this court reversed the decision of the district court dismissing a complaint and remanded this matter for further proceedings. On June 21, 1994, respondent Hitachi America, Ltd., through attorney Alan J. Lefebvre, filed a petition for rehearing and a motion for leave to supplement the record. The petition for rehearing is both frivolous and disrespectful.
Vacation Village sued Hitachi and others claiming that a telephone system manufactured by Hitachi that it had leased through a series of complicated contracts was defective. Hitachi moved to dismiss as to itself on the sole ground that the warranty of merchantability in Nevada does not apply to leases. Hitachi made a conscious decision not to move for summary judgment on any *1220 other basis, and limited its motion to the legal claim that there could be no such action in Nevada. The district court dismissed the complaint as to Hitachi on the sole ground asserted and this appeal followed. Of course, Hitachi was wrong; by statute, the implied warranty of merchantability does apply to a lease in Nevada. NRS 104A.2209. Thus, this court reversed.
The sole issue considered and decided by this court’s decision was the sole issue presented by Hitachi’s ill reasoned motion below: Whether the complaint failed to state a claim upon which relief could be granted because the transaction was a lease, not a sale.
Hitachi now argues that this court, “in an unwarranted fashion,” chose to “look to matters outside the record in this case.” Hitachi complains that this court decided this case based on a statute not raised by the parties, and asserts that it has a defense to the application of this statute based on its contract with RCA, an intermediate supplier of the defective equipment manufactured by Hitachi. Incredibly, Hitachi apparently argues that this court cannot rely on statutory law overlooked by counsel and thus not cited in the briefs. Hitachi accuses this court of deciding this case on “the basis of conjecture” as to what might be in the contract between Hitachi and RCA; this, according to Hitachi, violates every rule of appellate review.
Specifically, Hitachi notes that the statute makes a lessee’s claims subject to defenses contained in any contract between the supplier and the lessor. Hitachi asserts a defense to the action based on its contract with RCA. Hitachi insists that this court assumed that it had no defenses under its contract with RCA, and based its decision on this false assumption. Hitachi has moved this court for leave to supplement the record with a copy of the contract with RCA so that this court may determine whether it has a defense under the contract to Vacation Village’s complaint.
This court did not look outside the record. We did not assume anything whatsoever with regard to the contract between Hitachi and RCA. This petition seeks to have this court decide an issue not presented to the district court and not before this court. In other words, Hitachi asks this court to determine the validity of a defense Hitachi claims to have to the complaint pending below before that defense has ever been presented to the district court. More incredibly, Hitachi seeks to supplement the record with documents which were never presented to the district court and which Hitachi’s counsel admits were not presented to the district court for tactical reasons. Of course, we decline Hitachi’s invitation to consider an issue not properly before this court, and we deny the motion for leave to supplement the record. See Carson *1221 Ready Mix v. First Nat’l Bk., 97 Nev. 474, 635 P.2d 276 (1981) (this court cannot consider matters not in the record); see also State, Emp. Sec. Dep’t v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984).
This decision would end this matter were it not for the disrespectful manner in which this petition has been pursued by attorney Lefebvre. We are dismayed that Lefebvre, an officer of this court, could possibly believe that he is at liberty to demean this court and its members by making the unfounded accusations of judicial misconduct that appear in this petition. We believe that Lefebvre’s conduct may be in violation of the rules of ethical behavior, and we caution Lefebvre that under no circumstances will we tolerate this type of disrespect in the future.
The petition for rehearing is denied.