An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LOYDE ROBINSON, AN INDIVIDUAL;
AND ALAN CLARK, AN INDIVIDUAL,
Appellants,

vs.

SCOTT KAROSA, AN INDIVIDUAL,
Respondent.

No. 67360

**FILED**

JUL 2 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL AND REFERRING COUNSEL TO THE STATE BAR OF NEVADA FOR INVESTIGATION

On June 15, 2015, this court entered an order conditionally imposing sanctions on appellants' counsel, David Lee Phillips, for his failure to file the case appeal statement and transcript request form. We also noted that the opening brief and appendix were overdue. We directed Mr. Phillips to pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment within 15 days. However, the sanction would be automatically vacated if Mr. Phillips filed the required documents or a motion for an extension of time within 11 days. We cautioned Mr. Phillips that failure to comply with our order or other filing deadlines would result in dismissal of this appeal. We further cautioned that failure to comply would also result in Mr. Phillips's referral to the State Bar of Nevada for investigation pursuant to SCR 104-105 for violations of RPC 1.3 (diligence), RPC 3.2(a) (expediting litigation), and RPC 8.4 (misconduct).

To date, Mr. Phillips has failed to pay the sanction, file any of the required documents, respond to our order, or otherwise communicate with this court. Accordingly, we conclude that the sanction is no longer conditional. Mr. Phillips shall pay the sum of $250 to the Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22577

Law Library within 11 days of the date of this order and provide proof of such payment within 15 days.

We have repeatedly stated that we expect all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State,* 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State,* 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner,* 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber,* 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Phillips, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with our directives. *Weddell v. Stewart,* 127 Nev. Adv. Op. No. 58, 261 P.3d 1080, 1084 (2011). Mr. Phillips is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 261 P.3d at 1085.

Mr. Phillips's failure to comply with our rules and orders has forced this court to divert our limited resources to ensure his compliance and needlessly delayed the processing of this appeal. Therefore, we remove Mr. Phillips as counsel in this appeal. *See* NRAP 31(d). Because it appears that Mr. Phillips's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), we refer Mr. Phillips to the State Bar of Nevada for investigation pursuant to SCR 104-105. Bar counsel shall, within 90 days of the date of this order, inform this court of the status or results of the investigation and any disciplinary proceedings in this matter.

This appeal is dismissed.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Nathaniel J. Reed, Settlement Judge
David Lee Phillips & Associates
Law Office of Daniel Marks
Eighth District Court Clerk
David A. Clark, Bar Counsel
Supreme Court Law Librarian
Loyde Robinson
Alan Clark