# IN THE SUPREME COURT OF THE STATE OF NEVADA

SARON ELMO WRIGHT,
               Appellant,

vs.

LAWRIE REBECCA NEWMAN,
               Respondent.

No. 70788

**FILED**

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Vosenbg
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND REFERRING COUNSEL TO STATE BAR OF NEVADA FOR INVESTIGATION

On September 14, 2016, we entered an order conditionally imposing sanctions against counsel for appellant, Benson Lee, for his failure to file the case appeal statement, comply with NRAP 9(a), and file the docketing statement.[1] We directed Mr. Lee to pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of payment by September 29, 2016. The sanction would be automatically vacated, however, if Mr. Lee filed the required documents by September 26, 2016. We cautioned that failure to comply with our order would result in the dismissal of this appeal. *See* NRAP 3(a)(2), 9(a)(7), 14(c). We further cautioned that failure to comply would result in the referral of Mr. Lee to the State Bar of Nevada for investigation.

To date, Mr. Lee has failed to pay the sanction, file any of the required documents, or otherwise communicate with this court. Accordingly, the sanction is no longer conditional. Mr. Lee shall have 11 days from the date of this order to pay the sum of $250 to the Supreme Court Law Library and provide this court with written proof of payment.

---

[1]A copy of this order is attached.

We have repeatedly stated that we expect all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Lee, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with our directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Lee is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085. Accordingly, we dismiss this appeal.

Finally, because it appears that his conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), we refer Mr. Lee to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

 

cc: Hon. Bryce C. Duckworth, District Judge, Family Court Division
Benson Lee and Associates
Benson Lee
Lawrie Rebecca Newman
Saron Elmo Wright
Supreme Court Law Librarian
State Bar of Nevada, Bar Counsel
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SARON ELMO WRIGHT,
                    Appellant,
vs.
LAWRIE REBECCA NEWMAN,
                    Respondent.

No. 70788

**FILED**

SEP 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER CONDITIONALLY IMPOSING SANCTIONS*

This appeal was docketed in this court on July 14, 2016. Appellant's counsel, Benson Lee, did not file the case appeal statement with the notice of appeal. *See* NRAP 3(f)(1). Therefore, on July 14, 2016, we directed Mr. Lee to file the case appeal statement within 10 days or face sanctions.[1] *See* NRAP 3(a)(2). Additionally, on July 29, 2016, we issued a notice directing Mr. Lee to comply with NRAP 9(a) by August 15, 2016.[2] To date, Mr. Lee has not complied. Further, the docketing statement is now overdue. *See* NRAP 14.

We conclude that Mr. Lee's failure to file the case appeal statement, docketing statement, and transcript request form in accordance with NRAP 9(a) warrants the *conditional* imposition of sanctions. *See* NRAP 3(a)(2), 9(a)(7). Within 15 days from the date of this order, Mr. Lee shall pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment. Mr. Lee shall have 11 days from the date of this order to file, in this court, a file-stamped copy of the

---

[1]A copy of this notice is attached.

[2]A copy of this notice is attached.

16-28566

transcript request form and proof of service of the transcript request form, or a certificate that no transcripts are being requested, the case appeal statement, and the docketing statement. If the required documents are timely filed, the conditional sanction will be automatically vacated. If the required documents are not timely filed, the sanction will no longer be conditional and must be paid.

We remind Mr. Lee that the opening brief and appendix are due no later than November 28, 2016.

Failure to comply with this order or any other filing deadlines will result in the dismissal of this appeal. *See* NRAP 3(a)(2), 9(a)(7), 14(c). Further, because it appears that Mr. Lee's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with this order or any other filing deadlines will also result in Mr. Lee's referral to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Benson Lee and Associates
Lawrie Rebecca Newman
Supreme Court Law Librarian
Benson Lee

SUPREME COURT
OF
NEVADA

(O) 1947A