# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,

                    Appellant,

vs.

145 E HARMON TRUST II, A NEVADA
TRUST,

                    Respondent.

No. 79639

FILED

OCT 14 2020

ELIZ... ... ...
CLER... ... ...
BY... ...
        DEPUTY CLERK

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,

                    Appellant,

vs.

145 E HARMON TRUST II, A NEVADA
TRUST; AND RAYVION LLC, A
GEORGIA LIMITED LIABILITY
COMPANY,

                    Respondents.

No. 80023

## ORDER DISMISSING APPEALS

These are consolidated appeals from district court orders granting a motion to dismiss and imposing sanctions. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge. On May 22, 2020, respondent 145 E. Harmon Trust filed a motion seeking sanctions against appellant for the failure to timely file an appeal bond, *see* NRAP 7, consult with respondents before filing a certificate of no transcript request, *see* NRAP 9(a)(1)(A), order transcripts respondents deemed necessary for this appeal, *see* NRAP 9(a)(5), and confer with respondents prior to filing the appendix, *see* NRAP 30(a). On July 10, 2020, this court entered an order admonishing appellant's counsel for failing to comply with NRAP 7, NRAP

20-37698

9(a)(1)(A), and NRAP 30(a) but declining to impose monetary or other sanctions for these failures.[1]

On August 13, 2020, respondent Rayvion LLC moved to strike appellant's opening brief. On August 14, 2020, 145 E. Harmon Trust II filed a joinder to Rayvion's motion to strike and additionally moved to strike appellant's appendix. Respondents cited numerous deficiencies in the opening brief and appendix. Although appellant filed an opposition to the motion, it did not address any of the alleged deficiencies identified by respondents. On September 3, 2020, this court entered an order granting the motions to strike.[2] This court specifically identified several deficiencies in the opening brief and appendix and directed appellant to file and serve an amended opening brief and appendix that complied with all applicable rules, including NRAP 28, NRAP 30, and NRAP 32. This court declined to impose additional sanctions on appellant but cautioned appellant that failure to file a compliant opening brief and appendix could result in the imposition of additional sanctions.

On September 14, 2020, appellant filed an amended opening brief and appendix. Rayvion now moves to dismiss these appeals and for the imposition of monetary sanctions against counsel for appellant. 145 E Harmon Trust II joins the motion. Respondents assert that appellant's amended opening brief and appendix do not address the deficiencies noted in the court's September 3, 2020, order. Appellant has filed a document entitled "Opposition to Respondent's [sic] Motions." Although the concluding paragraph of the document asks that the motion to dismiss be

---

[1]A copy of this order is attached.

[2]A copy of this order is attached.

"declined," the body of the document does not address, or even mention the motion to dismiss. Instead, it appears to be a copy of a portion of appellant's September 14, 2020, amended opening brief.

Review of appellant's September 14, 2020, amended opening brief and appendix reveals that they are still deficient in several respects. For example, the opening brief does not contain a statement of facts, a summary of the argument, or a section labeled "argument"[3] as required by NRAP 28(a). The sections of the brief are not in the order required by NRAP 28(a). And the routing statement and jurisdictional statement do not contain the information required by NRAP 28(a)(4) and (5). Not all documents in appellant's appendix bear the district court file stamp, not all documents are placed in chronological order, and several documents are not actually located as indicated in the index. *See* NRAP 30(c)(1). Further, the pages of the appendix are not numbered chronologically across the volumes. *See id.* Instead, each volume begins with page 1.

This court has repeatedly stated that it expects all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State,* 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon counsel for appellant, S. Wolfe Thompson, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-

---

[3]It appears appellant misplaced his argument under the statement of the case section of the brief.

 

effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with this court's directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Thompson is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085. Mr. Thompson's failure to comply with this court's rules and orders has forced this court to divert its limited resources to ensure his compliance and needlessly delayed the processing of this appeal. Each of the above-identified deficiencies in the amended opening brief and appendix was specifically identified in this court's September 3, 2020, order. And appellant was cautioned that failure to file a compliant opening brief and appendix could result in the dismissal of this appeal. Nevertheless, Mr. Thompson failed to correct the identified deficiencies. This, in conjunction with Mr. Thompson's failure to file a meaningful opposition to the motion to dismiss and the joinder, demonstrates a lack of professionalism, competence, and diligence. Accordingly, the motion to dismiss and the joinder thereto are granted. These appeals are dismissed. Respondents' requests to impose monetary sanctions on appellant are denied.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

 

cc:    Hon. Kenneth C. Cory, District Judge
       M. Nelson Segel, Settlement Judge
       Wolfe Thompson
       David J. Kaplan
       Koch & Scow, LLC
       Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
               Appellant,
vs.
145 E HARMON TRUST II, A NEVADA
TRUST,
               Respondent.

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
               Appellant,
vs.
145 E HARMON TRUST II, A NEVADA
TRUST; AND RAYVION LLC, A
GEORGIA LIMITED LIABILITY
COMPANY,
               Respondents.

No. 79639

**FILED**

JUL 1 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S.Y_____
DEPUTY CLERK

No. 80023

## *ORDER DENYING MOTION FOR SANCTIONS AND REGARDING TRANSCRIPT REQUEST FORM*

Respondents have filed a motion for the imposition of sanctions against appellant. Respondents assert that appellant failed to timely file an appeal bond, *see* NRAP 7, consult with them before filing a certificate of no transcript request, *see* NRAP 9(a)(1)(A), order transcripts respondents deem necessary for this appeal, *see* NRAP 9(a)(5), and confer with respondents prior to filing the appendix, *see* NRAP 30(a).

Appellant does not dispute that it did not timely file the appeal bond or consult with respondents prior to filing a certificate of no transcript request or the appendix. Appellant's assertion that the requirement to consult before filing the appendix was waived by an order of this court is

not supported by citation to any order of this court or any argument. Review of this court's orders in this matter indicates that this requirement was not waived. Counsel for appellant is admonished for failing to comply with NRAP 7, NRAP 9(a)(1)(A), and NRAP 30(a). But this court declines to impose monetary or other sanctions for these failures at this time.

As for respondents' remaining contention, NRAP 9(a)(5) does not require an appellant who has filed a certificate of no transcript request to request transcripts deemed necessary by a respondent.[1] Thus, appellant did not violate NRAP 9(a)(5) and no sanctions are warranted on this basis.

Respondents' motion indicates that respondents wish to have transcripts prepared in this matter. Accordingly, respondents shall have 7 days from the date of this order to serve and file, in this court, a file-stamped transcript request form. If respondents no longer desire the production of transcripts, they shall so notify this court, in writing, within the same time period.

It is so ORDERED.

_Pickering_, C.J.

cc:  Wolfe Thompson
     David J. Kaplan

---

[1]To the extent this court's May 1, 2020, order indicated elsewise, that order was incorrect.

Supreme Court
of
Nevada

(O) 1947A

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,

                    Appellant,

vs.

145 E HARMON TRUST II, A NEVADA
TRUST,

                    Respondent.

DOMINIC MARROCCO LLC, A
NEVADA LIMITED LIABILITY
COMPANY,

                    Appellant,

vs.

145 E HARMON TRUST II, A NEVADA
TRUST; AND RAYVION LLC, A
GEORGIA LIMITED LIABILITY
COMPANY,

                    Respondents.

No. 79639

**FILED**

SEP 03 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 80023

## *ORDER GRANTING MOTIONS TO STRIKE OPENING BRIEF AND APPENDIX*

Respondent Rayvion, LLC has filed a motion to strike the opening brief on the basis that the brief is deficient. Respondent 145 E. Harmon Trust II joins the motion and additionally moves to strike the appendix as deficient. In opposition, appellant states, with no argument, that the brief complies with NRAP 28(j) and none of the cases cited by Rayvion "support the proposition." Appellant does not respond to the assertions regarding his appendix.

Review of the opening brief reveals that it is deficient in several respects, including, but not limited to, the following: the sections of the brief are not in the order required by NRAP 28(a); the table of contents is incomplete; the routing statement does not comply with NRAP 28(a)(5); the

jurisdictional statement is incomplete and appears to refer to only one of the two consolidated appeals; the statement of the case is not a brief indication of the nature of the case, the district court proceedings, and the disposition; there is no statement of the facts or citations to the record as required by NRAP 28(a)(8); there is no summary of the argument as required by NRAP 28(a)(9); and there is no argument section as required by NRAP 28(a)(10). Review of appellant's appendix reveals that it is also deficient. Not all documents included bear the district court file stamp, it does not appear that all documents are placed in chronological order, and several documents are not actually located as indicated in the index. *See* NRAP 30(c)(1). Further, the appendix is not numbered chronologically across the volumes. *See id.* Instead, each volume begins with page 1.

The motions to strike are granted. The clerk shall strike the opening brief and appendix filed on May 15, 18, and 19, 2020. Appellant shall have 21 days from the date of this order to file and serve an amended opening brief and appendix. The amended opening brief and appendix must comply with all applicable rules, including NRAP 28, NRAP 30, and NRAP 32. This court declines to impose additional sanctions on appellant at this time. Appellant is cautioned, however, that failure to file a compliant opening brief and appendix may result in the imposition of additional sanctions. NRAP 28(j).

Respondents' motions to extend time to file the answering briefs are denied as moot.

It is so ORDERED.

_____ Pickering _____, C.J.

cc: Wolfe Thompson
David J. Kaplan
Koch & Scow, LLC