# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LATHIGEE,
                          Appellant,
                vs.
ADAM LOEW, AN INDIVIDUAL,
                          Respondent.

No. 81384

FILED

JAN 25 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
      DEPUTY CLERK

## *ORDER DISMISSING APPEAL AND REFERRING COUNSEL TO STATE BAR*

This is an appeal from a postjudgment order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge.

On November 9, 2020, this court entered an order conditionally imposing sanctions on counsel for appellant, James R. Adams, for his continued failure to file the transcript request form, docketing statement, and opening brief and appendix.[1] The order directed counsel to comply within 14 days. On November 23, 2020, Adams filed a motion for an extension of time to file the docketing statement and opening brief. He also filed a transcript request form, which was rejected by the clerk of this court because it did not include a file-stamped copy of the transcript request filed in the district court and did not have a certificate of service. *See* NRAP 9. The clerk's notice rejecting the transcript request form directed Adams to file a motion for an extension of time to file an untimely transcript request form in order to comply with NRAP 9(a). On November 25, 2020, this court

---

[1]A copy of the order is attached.

21-02203

granted Adams's motion for an extension of time to file the docketing statement and opening brief and appendix. The order cautioned Adams that failure to timely file the documents could result in the imposition of sanctions, including dismissal of this appeal. The documents were due by December 23, 2020. To date, none of the required documents, including a motion for an extension of time to file the transcript request form, have been filed, and counsel has made no attempt to communicate with this court.

We have repeatedly stated that we expect all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Adams, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with our directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Adams is "not at liberty to disobey notices, orders, or any other directives issued by this court." Id. at 261 P.3d at 1085. Accordingly, we dismiss this appeal. NRAP 31(d).

Finally, because it appears that Mr. Adams's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), we refer Mr. Adams to the State Bar of Nevada for investigation pursuant to SCR 104-105. Bar counsel shall,

within 90 days of the date of this order, inform this court of the status or results of the investigation and any disciplinary proceedings in this matter.

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. Cristina D. Silva, District Judge
     Lansford W. Levitt, Settlement Judge
     Adams Law Group
     James Adams
     Procopio, Cory, Hargreaves & Savitch LLP/Las Vegas
     Bar Counsel, State Bar of Nevada
     Supreme Court Law Librarian
     Eighth District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LATHIGEE,
                       Appellant,

vs.

ADAM LOEW, AN INDIVIDUAL,
                       Respondent.

No. 81384

**FILED**

NOV 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER CONDITIONALLY IMPOSING SANCTIONS

On July 1, 2020, this court issued a notice directing appellant to file the docketing statement by July 22, 2020. On July 20, 2020, this court entered an order removing this appeal from the settlement program and reinstating briefing. That order directed appellant to file a transcript request form by August 3, 2020, and the opening brief and appendix by October 19, 2020. When appellant failed to file the transcript request form and docketing statement, this court issued a notice on September 15, 2020, directing appellant to file these documents by September 25, 2020.[1] To date, appellant has failed to file the transcript request form, the docketing statement, and the opening brief and appendix, or to otherwise communicate with this court.

The failure to file the documents in compliance with the court's procedural rules and the notices and orders issued in this matter warrants the *conditional* imposition of sanctions against appellant's counsel, James R. Adams. Accordingly, Mr. Adams shall, within 14 days from the date of this order, pay the sum of $250 to the Supreme Court Law Library and

---

[1]A copy of this notice is attached.

Supreme Court
of
Nevada

(O) 1947A

20-40783

provide this court with proof of such payment. However, these sanctions shall be automatically vacated if Mr. Adams files and serves the transcript request form, the docketing statement, and the opening brief and appendix or, alternatively, a motion to extend time, within the same time period.

If the required documents are not timely filed, the sanction will no longer be conditional and must be paid. Failure to comply with this order or any other filing deadlines will result in the dismissal of this appeal. *See* NRAP 9(a)(7); NRAP 14(c); NRAP 31(d). Further, because it appears that Mr. Adams's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with this order or any other filing deadlines may also result in Mr. Adams's referral to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Adams Law Group
        James R. Adams
        Procopio, Cory, Hargreaves & Savitch LLP/Las Vegas
        Supreme Court Law Librarian

# IN THE SUPREME COURT OF THE STATE OF NEVADA
## OFFICE OF THE CLERK

MICHAEL LATHIGEE,
Appellant,

vs.

ADAM LOEW, AN INDIVIDUAL,
Respondent.

Supreme Court No. 81384
District Court Case No. A766984

## NOTICE TO FILE DOCKETING STATEMENT AND REQUEST TRANSCRIPTS

TO: Adams Law Group \ James R. Adams

To date, appellant has not filed the Docketing Statement and the Transcript Request Form in this appeal. NRAP 14(b); NRAP 9(a).

Please file and serve the Docketing Statement and either a Transcript Request Form or, alternatively, a certificate that preparation of transcripts is not requested within 10 days from the date of this notice. See NRAP 10(b); NRAP 30 (b)(1). Failure to file a Docketing Statement or the appropriate transcript document may result in the imposition of sanctions, including the dismissal of this appeal. See NRAP 9(a)(7); NRAP 14(c).

DATE: September 15, 2020

Elizabeth A. Brown, Clerk of Court

By: Sandy Young
    Deputy Clerk

Notification List
    Electronic
    Adams Law Group \ James R. Adams
    Procopio, Cory, Hargreaves & Savitch LLP/Las Vegas \ G. Lance Coburn
    Procopio, Cory, Hargreaves & Savitch LLP/Las Vegas \ Jeffery A. Garofalo

20-33968