# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHE JORCIN; GOLDY, LLC; CJOG OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; CJOG AUTO OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CMJ-OP, LLC,

     Appellants,

vs.

STACIE ALLEN; AND JANE DOE DANCER I-IV, INDIVIDUALLY, AND ON BEHALF OF CLASS OF SIMILARLY SITUATED INDIVIDUALS,

     Respondents.

No. 81711

FILED

APR 08 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND REFERRING COUNSEL TO THE STATE BAR FOR INVESTIGATION

This is an appeal from a final judgment. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

On January 7, 2021, this court issued an order conditionally imposing sanctions against appellants' attorney, Brandon Phillips, for his failure to file the case appeal statement, transcript request form, and docketing statement. In response to this order, Mr. Phillips filed the missing documents, although the docketing statement was filed one day late, and the conditional sanctions were automatically vacated.

However, the order imposing conditional sanctions cautioned Mr. Phillips that "failure to comply with . . . any other filing deadlines will result in the dismissal of this appeal . . . and in Mr. Phillips's referral to the

State Bar of Nevada for investigation pursuant to SCR 104-105."[1] Pursuant to this court's November 9, 2020, notice, the opening brief and appendix were due to be filed on or before March 9, 2021.[2] To date, Mr. Phillips has failed to file the opening brief and appendix, or to otherwise communicate with this court.

We have repeatedly stated that we expect all appeals to be "pursued in a manner meeting high standards of diligence, professionalism, and competence." *Cuzdey v. State*, 103 Nev. 575, 578, 747 P.2d 233, 235 (1987); *accord Polk v. State*, 126 Nev. 180, 184, 233 P.3d 357, 359 (2010); *Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003); *State, Nev. Emp't Sec. Dep't v. Weber*, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984). It is incumbent upon Mr. Phillips, as part of his professional obligations of competence and diligence to his clients, to know and comply with all applicable court rules. *See* RPC 1.1; RPC 1.3. These rules have been implemented to promote cost-effective, timely access to the courts; it is "imperative" that he follow these rules and timely comply with our directives. *Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011). Mr. Phillips is "not at liberty to disobey notices, orders, or any other directives issued by this court." *Id.* at 652, 261 P.3d at 1085. Accordingly, we dismiss this appeal. NRAP 31(d).

Finally, because it appears that Mr. Phillips's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), we refer Mr. Phillps to the State Bar of Nevada for investigation pursuant to SCR 104-105. Bar counsel shall,

---

[1]A copy of the order imposing conditional sanctions is attached.

[2]A copy of this notice is attached.

within 90 days of the date of this order, inform this court of the status or results of the investigation and any disciplinary proceedings in this matter.

It is so ORDERED.



_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Joseph Hardy, Jr., District Judge
Brandon L. Phillips, Attorney At Law, PLLC
Brandon L. Phillips
Bighorn Law/Las Vegas
Rusing Lopez & Lizardi, PLLC
Bar Counsel, State Bar of Nevada
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHRISTOPHE JORCIN; GOLDY, LLC; CJOG OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; CJOG AUTO OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CMJ-OP, LLC, | No. 81711 |

Appellants,

vs.

STACIE ALLEN; AND JANE DOE
DANCER I-IV, INDIVIDUALLY, AND
ON BEHALF OF CLASS OF
SIMILARLY SITUATED INDIVIDUALS,
Respondents.

FILED

JAN 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## *ORDER CONDITIONALLY IMPOSING SANCTIONS*

Because the notice of appeal was not accompanied by a case appeal statement, on August 31, 2020, and November 9, 2020, this court issued notices directing appellant's counsel, Brandon L. Phillips, to file the case appeal statement. NRAP 3(f).[1] Additionally, Mr. Phillips failed to file the docketing statement. *See* NRAP 14. On November 30, 2020, this court entered an order granting Mr. Phillips's motion for extension of time and directing him to file the case appeal statement and docketing statement by December 3, 2020, and cautioning that failure to comply could result in the imposition of sanctions.[2] *See* NRAP 3(a)(2); NRAP 14(c). To date, Mr. Phillips has not complied or otherwise communicated with this court, and the transcript request form is now overdue.

---

[1]Copies of these notices are attached.

[2]A copy of this order is attached.

21-00464

Mr. Phillips's failure to file the case appeal statement, transcript request form, and docketing statement warrants the *conditional* imposition of sanctions. Mr. Phillips shall pay the sum of $250 to the Supreme Court Law Library and provide this court with proof of such payment within 14 days from the date of this order. The conditional sanction will be automatically vacated if Mr. Phillips files and serves the case appeal statement, transcript request form, and docketing statement or a properly supported motion to extend time, *see* NRAP 26(b)(1)(A); NRAP 14(d), within the same time period.

If the required documents are not timely filed, the sanction will no longer be conditional and must be paid. Failure to comply with this order or any other filing deadlines will result in the dismissal of this appeal. *See* NRAP 3(a)(2); NRAP 9(a)(7); NRAP 14(c). Further, because it appears that Mr. Phillips's conduct in this appeal may constitute violations of RPC 1.3 (diligence), 3.2(a) (expediting litigation), and 8.4 (misconduct), failure to comply with this order or any other filing deadlines will also result in Mr. Phillips's referral to the State Bar of Nevada for investigation pursuant to SCR 104-105.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

Supreme Court
of
Nevada

(O) 1947A

cc: Brandon L. Phillips, Attorney At Law, PLLC
Brandon L. Phillips
Bighorn Law/Las Vegas
Rusing Lopez & Lizardi, PLLC
Supreme Court Law Librarian

# IN THE SUPREME COURT OF THE STATE OF NEVADA
## OFFICE OF THE CLERK

CHRISTOPHE JORCIN; GOLDY, LLC; CJOG OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; CJOG AUTO OPERATING COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CMJ-OP, LLC,
Appellants,
vs.
STACIE ALLEN; AND JANE DOE DANCER I-IV, INDIVIDUALLY, AND ON BEHALF OF CLASS OF SIMILARLY SITUATED INDIVIDUALS,
Respondents.

**Supreme Court No. 81711**
District Court Case No. A709521

## EXEMPTION FROM SETTLEMENT PROGRAM - NOTICE TO FILE DOCUMENTS

TO: Brandon L. Phillips, Attorney At Law, PLLC \ Brandon L. Phillips
Bighorn Law/Las Vegas \ Kimball J. Jones
Rusing Lopez & Lizardi, PLLC \ Peter A. Sterling

Upon review of this matter, it has been determined that this appeal will not be assigned to the settlement program. Accordingly, appellant(s) shall have fourteen (14) days from the date of this notice to comply with NRAP 9(a).

Appellants shall have 120 days from the date of this notice to file and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

DATE: November 09, 2020

Elizabeth A. Brown, Clerk of Court

By: Sally Williams
Settlement Program Administrative Coordinator

Notification List
    Electronic
    Brandon L. Phillips, Attorney At Law, PLLC \ Brandon L. Phillips
    Bighorn Law/Las Vegas \ Kimball J. Jones
    Rusing Lopez & Lizardi, PLLC \ Peter A. Sterling

20-40889